# Exhibit B

**FOURTH PREVENTIVE CRIMINAL JUDGE OF THE CITY OF LA PAZ**

---

**PRESENTS RESOLUTION OF FORMAL CHARGES**
**ADDENDUM.-**
EDWARD OMAR MOLLINEDO PINEDO, PROSECUTOR SPECIALIZING IN PROSECUTING CRIMES OF CURRUPTION OF THE OFFICE OF THE DISTRICT ATTORNEY OF LA PAZ, on behalf of the People and the State, presents Formal Charges based on the following :

**RESOLUTION OF FORMAL CHARGES No 002/2011**
**IANUS : 201032171**                     **LEGAL CASE No.: 5050/2010**

I.    INFORMATION OF THE DEFENDANT

**HUMBERTO ANTONIO ROCA LEIGUE,** of legal age, competent by law, bearer of I.D. No. 1504708 LP, entrepreneur by profession, born on October 27, 1958 in Santa Cruz de la Sierra Province Andres Ibanez
**PERSONAL DOMICILE:** Calle Chichapi No. 100 or 2075 between 2nd and 3rd Circle, Fleig Neighborhood, city of Santa Cruz de la Sierra
**DEFENSE ATTORNEY:** Jorge Eduardo Ortiz Banzer with MCA 4760 and Guery Abuday Yanez with MCA 2086
**LEGAL DOMICILE:** Edificio (Bldg.) Park INN, 8th Floor offices 82-83 located on Calle (Street) Federico Sauzo No. 159 of the city of La Paz

II    INFORMATION OF THE CLAIMANT

**NARDI ELIZABETH SUXO ITURRI, MINISTER OF INSTITUTIONAL TRANSPARANCY AND FIGHT AGAINST CURRUPTION IN VIRTUE OF PRESIDENTIAL DECREE No. 0407 of January 23, 2010.**
**LEGAL DOMICILE:** Domicile of the office of the Deputy Minister of Fight against Corruption, located in the city of La Paz on Calle (Street) Capitan Ravelo, Edificio (Bldg.) Capitan Ravelo No. 2101, 8th Floor

III.    STATEMENT OF THE FACTS

According to the complaint filed by Nardi Elizabeth Suxo Iturry, Minister of Institutional Transparency and Fight Against Corruption, who in compliance to the powers conferred to her under article 28 of the DS No. 29894 of February 7, 2009, it became aware that Humberto Antonio Roca Leigue, President of Compania Boliviana de Transporte Aereo Privado S.A, would have accused the present Cabinet of the Multinational State of the commission of public order offenses, the relationship involves:

On May 14, 2010, in the evening news of the television channel GIGAVISION from the city of Santa Cruz, a statement issued by Humberto Antonio Roca Leigue, President of AEROSUR, in which he is asked his opinion regarding the statements made by the Vice President of the

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



Multinational State, Alvaro Garcia Linera, liner over the situation of the aircrafts of AEROSUR, to which, besides having diverted the question, he said, "**keep your ministers in line so they will not steal;"** statements and claims that warranted that on May 17, 2010 in her capacity as Minister of Transparency and Fight Against Corruption, to request by means of Note CARTA/MTILCC/VMLCC/2010-1531 for Mr. Roca Leigue to make known to her office, the source of his statement of the alleged acts of corruption, for which it was requested that such information be submitted within 10 days of the legal notice.

Then on May 20, 2010 near the end of the period requested for the submission of information, Humberto Antonio Roca Leigue, by Note CITE: SRZDD5L 0244/10 notes that the statements made by him, <u>brings to mind the acts of corruption, drug trafficking and smuggling</u> that were published in the media, recognizing that many of them, have had direct intervention from the Ministry of Transparency and Fight Against Corruption, for which he attaches news clippings and internet news, but he did not prove his assertion that there are Ministers who are stealing from the State.

Based on this information, investigations are ordered and on August 25, 2010 it is issued the Resolution of Formal Charges against Humberto Antonio Roca Leigue for the crime of CONTEMPT, as noted and sanctioned in Art. 162 of the Penal Code.

## IV.   SUBSTANTIATIVE PROBATION

Throughout the investigation research actions were carried out which resulted in gathering sufficient evidence and facts to determine that the conduct of HUMBERTO ANTONIO ROCA LEIGUE is perfectly suited to the crime of Contempt established in the Bolivian Penal Code, fundamentally based on the following evidence:

1. Claim presented by Nardi Elizabeth Suxo Iturri on June 2, 2010 with attachments:
   - Compact Disc with the recording of the news broadcast of channel GIGAVISION submitted to that State Portfolio by the National Social Communication Division under the Ministry of the Presidency.
   - Copy of Note LETTER/MTILCC/VLCC/2010-1531 through which the Ministry of Institutional Transparency and Fight Against Corruption, requested information to Humberto Antonio Roca Leigue regarding the statements made regarding the alleged commission of crimes by the Cabinet of Ministers.
   - Copy of Note CITE: SRZDD5L 0244/10 signed by Humberto Antonio Roca Leigue, President of AEROSUR, by which he attached copy of press releases and Internet regarding different facts of alleged corruption.
   - News recording and documents that are base of the claim and that have been used to proof that, during the investigation, the responsibility of Contempt of HUMBERTO ANTONIO ROCA LEIGUE under the three modes.
2. Injunction of June 4, 2010 addressed to the management of Red Uno de Bolivia, and response CITE GER. REG. 421/10 of June 14, 2010; CITE GER.REG. 471/10 of July 2, 2010 to which it was attached 7 DVDs and private publicity contracts.
3. Injunction of June 4, 2010 addressed to the management of Red ATB, response through Official Letter GG-No. 026/10 of June 11, 2010, to which there were attached 4 DVDs and photocopies of invoices and guidelines issued in name of AEROSUR; Official Letter of June 16, 2010 GG-No. 029/10 to which it was attached a photocopy of the Service Contract.



4. Injunction of June 4, 2010 addressed to the management of Periodistas Asociados de Television (Television Journalists Association) PAT, who as a response they submitted CITE No.045/10 of June 14, 2010 to which they attached on the attached photocopies of advertising contracts and invoices and 5 DVDs.

5. Injunction of June 4, 2010 addressed to the management of Television Boliviana Internacional (International Bolivian Television), forwarding in response Memorandum of July 1, 2010 presented by Atty. Leila Yuskenka Mercedes Cortez to which there is attached 2 DVDs and photocopies Conditions for Provision of Advertising Services and invoices; Memorandum of July 2, 2010 by which the response to Injunction to which 1 DVD is attached.

6. Injunction of June 8, 2010 addressed to the Prosecution Department of La Paz, sending in response Injunction of July 15, 2010, Report 140/10 of July 14, 2010, the Injunction of June 17, 2010.

7. Certificates of Criminal Record of the Ministers of the Cabinet of the Multinational State: Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa, Elizabeth Arismendi Chumacero, Ruben Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, Maria Esther Udaeta Velasquez, Nilda Heredia Carmen Trujillo Cardenas, Nilda Copa Condori, Jose Pimentel Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Cespedes, Oscar Coca Artezana, Antonia Rodriguez Medrano, Nardy Suxo Iturri, Roberto Ivan Aguilar Gomez; documents that show that the Ministers of the State do not have criminal records the alleged incidents reported by HUMBERTO ANTONIO ROCA LEIGUE.

8. Official Letter MEFP/DGAJ/UGJ/No. 1378/2010 of November 15, 2010 sent by the Minister of Public Economy and Finances, Luis Alberto Arce Catacora.

9. Official Letter MOPSV-DESP 1623/2010 of November 16, 2010 sent by Walter Delgadillo Terceros, Minister of Public Works and Housing.

10. CITE: MPD/DGAJ/EXT/No. 424/2010 of November 16, 2010 sent by E. Viviana Caro Hinojosa, Minister of Planning and Development.

11. CITE DMG.OF. No. 1100/2010 of November 12, 2010 sent by Sacha Sergio Llorenty Soliz, Minister of State.

12. Official Letter MPR-DGAJ-UGJ 1760/210 of November 15, 2010 sent by Oscar Coca Antezana, Minister of the Presidency.

13. Memorandum of Appearance of November 11, 2010 presented by Carmen Trujillo Cardenas, Minster of Labor and Social Security.

14. Memorandum of Appearance of November 16, 2010 presented by Roberto Ivan Aguilar Gomez, Minister of Education.

15. Memorandum of Appearance of November 19, 2010 presented by Nardi Elizabeth Suxo Iturri.

16. CITE 1748 of November 15, 2010 presented by Maria Esther Udaeta Velasquez, Minister of Water and Environment.

17. CITE MSD/DGAJ/UGJ/1880/2010 of November 25, 2010 presented by Nila Heredia Miranda, Minister of Health and Sports.

18. Official Letter presented on November 28, 2010 by Zulma Yugar Parraga, Minister of Culture.

19. Official Letter MDRy T/DESP No. 4003/2010 of November 17, 2010 presented by Menesia Achacollo Tola, Minister of Land and Rural Development.

(Signature) illegible
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



20. Official Letter MDLE-DM-No. 693/2010 of November 15, 2010 presented by Elizabeth Arismendi Chumacero, Minister of the Legal Defense of the State.
21. Official Letter MDN-SD-DGAJ No. 710 of November 12, 2010 presented by Ruben Aldo Saavedra Soto, Minister of Defense.
22. Official Letter MA OFFICE No. 2305/2010 of November 15, 2010 presented by Carlos Romero Bonifaz, Minister of Autonomy.
23. Official Letter GM-DGAJ-UGJ-324510 of November 19, 2010 presented by David Choquehuanca Cespedes, Minister of Foreign Relations.
24. Official Letter MHE-7250 DESP-2525 of November 11, 2010 presented by Luis Fernando VINCENTI Vargas, Minister of Hydrocarbons and Energy.
25. Official Letter MDP-MDP-DAJ-2010-0491 of November 12, 2010 presented by Antonia Rodriguez Medrano, Minister of Productive Development and Plural Economy.
26. Memorandum by which Jose Antonio Pimentel Castillo, Minister of Mining & Metallurgy, presents Written Statement of November 15, 2010.
27. CITE-MJ DESP No. 1461/2010 of November 15, 2010 persented by Nilda Copa Condori, Minister of Justice.
28. Offical Letter DNCS-DGE-E No.sent from the National Social Communication Division, with an attached transcription of the video.

## V.   LEGAL BASIS FOR THE ACCUSATION

The investigation conducted in the preparatory phase allowed the Public Prosecutor to gather sufficient facts and evidence to issue a Formal Conviction Conclusive Indictment against HUMBERTO ANTONIO ROCA LEIGUE as the perprataor of the crime of CONTEMPT, Art. 162 of the Penal Code.

**FIRST.-** It is factual that on May 14, 2010, in the Central Newscast of GIGAVISION of the city of Santa Cruz, transmitted the statement made by Humberto Antonio Roca Leigue, President of AEROSur SA, having been asked his opinion regarding the statements made by the Vice President of the State, Alvaro Garcia Linera, on the status of the aircrafts of AEROSUR, who publicly stated:

> *"HAVE HIM PUT HIS PEOPLE IN LINE, HE HAS TO PUT HIS MINISTERS IN LINE, HE HAS TO PUT ALL THE PEOPLE HE HAS OVER THERE IN LINE SO THEY WON'T STEAL."*

Repetitive statements that were made to all the media nationwide, and distributed for several days. so on May 17, 2010 the Minister of Institutional Transparency and Fight Against Corruption by letter, requested clarification and to make known the source of his allegations made on GIGAVISION, to which he responds in writing and says: that the statements made by him, bring to mind the acts of *corruption, drug trafficking and smuggling* that were published in the media; not having proved before this authority his public statements before the national media about the personal qualities of each of the Ministers who make up the Cabinet of the Multinational State.

**SECOND.-** To that respect, and in order to analyze the facts and adjust the conduct of HUMBERTO ANTONIO ROCA LEIGUE, there is *ARTICLE 162 OF THE BOLIVIAN PENAL CODE CONTEMPT, which states:*



> *"Anyone who by whatever means <u>slanders, insults or defames</u> a public official in the exercise of his/her duties or because of them, shall be punished with imprisonment from one month to two years.*
> *If the aforementioned  actions were directed against the President or Vice President of the Republic, Ministers of the State or the Supreme Court or of  a member of Congress, the sanction will be increased y half."*

According to this offense, the crime of Contempt in its three slopes constitutes an offense directed to a Public Official for actions relating to its functions, is considered as conduct intended to undermine and damage the prestige of the authority, public official, or a public servant through slander, insult or defamation for actions relating to their functions, which are against the dignity, repute or attributing the commission of crimes.

the active subject is any person who, without any objection by any means proceeds to slander, defame or insult a public official in the exercise of  his/her duties or because of them, so the protected legal interest is vested in the public functions exercised by any public official or public servant, situation that is set in the statement that was made by **HUMBERTO ANTONIO ROCA LEIGUE** in the Central newscast of GIGAVISION and other media when in a direct and public way and without any legal support or evidence, affirms and says referring to the conduct of Ministers of the State, textual *"HAVE HIM PUT HIS PEOPLE IN LINE, HE HAS TO PUT HIS MINISTERS IN LINE, HE HAS TO PUT ALL THE PEOPLE HE HAS OVER THERE IN LINE SO THEY WON'T STEAL"* and when asked to produce documents or information by which he could substantiate his statements does not do it.

Initial action is identified through this statement made in this media, which it sets perfectly in the three modes of the crime of CONTEMPT, however there has also been identified further actions as an interview on a newscast of RED UNO in which he said:

> *"THE STATE NEEDS TO COMPLETELY DESTROY AEROSUR SO THAT YOUR COMPANY CALLED BOA COULD REIGN IN THE BOLIVIAN SKIES AND ALSO MAKE ALL THE CORRUPTION THAT EXISTS."*

Although these statements have not been mentioned in the Complaint, there are in the media recordings obtained during the investigation, which involves its analysis and consideration, since they related to the first.

Of the above, **HUMBERTO ANTONIO ROCA LEIGUE,** attributed in a direct and public manner the commission of criminal offenses of THEFT AND CORRUPTION to the entire Cabinet of Ministers of the Bolivian state without support or evidence that would accredit it; it needs to be taken into consideration that when it refers and says to put his "Ministers" in line, it refers to the entire Cabinet, among them Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa, Elizabeth Arismendi Chumacero, Ruben Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, Maria Esther Udaeta Velasquez, Nilda Heredia Carment Trujillo Cardenas, Nilda Copa Condori, Jose Pimentel, Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Cespedes, Oscar Coca Antezana, Antonia Rodriguez Medrano, Nardy Suxo Iturri, Roberto Ivan Aguilar Gomez who at that time were carrying out ministerial functions and were officials or public servants.

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



In order to establish the direct and passive subjects of the illicit action, it is understood that they have been appointed as MINISTERS OF THE STATE to carry out this public office in accordance with Presidential Decree no. 0407 of January 23, 2010, so is credited not only the quality of officials or public servants, but the functions of each of them, thereby constituting such claims bogus, is an offense led to the Cabinet Ministers on facts relating to their functions, having undermined and damaged the reputation of the Ministers as public officials and damaging their dignity and personal honor, attributing to them the commission of crimes of theft and crimes linked to corruption and drug trafficking.

The second statement refers to the State as such, understood in its constitutional and doctrinal organization, and in this case the State is represented by the Executive Body, including the President of the Republic, the Vice President and the Ministers of the Multinational State, and when in a direct and public manner he states and says that *"The State needs to completely destroy AEROSUR so that your company called BOA could reign in the Bolivian skies and ALSO MAKE ALL THE CORRUPTION THAT EXISTS."* what is asserted is the existence of corruption in the State confirmed not only by the appointed officials, but by all entities within the State of Bolivia; if we talk about corruption, there are several methods and none have been effectively proven and demonstrated by HUMBERTO ANTONIO ROCA LEIGUE illegal and fraudulent actions that have been aimed at undermining public function and quality of each of the public officials of the country, thus adapting to this new action to the crime of **CONTEMPT** in under its three formalities.

**THIRD.-** Under this concept, it is necessary to describe the three formalities established in Article 162 of the Penal Code when it refers to this type of crime committed *"Anyone who by whatever means <u>slanders, insults or defames</u> a public official in the exercise of his/her duties."* having the effect to make the following points.

### *"ANYONE WHO BY ANY MEANS CHARGES ANOTHER FALSELY OF COMMITTING A CRIME."*

Being understood in the doctrine as an unfounded and malicious accusation made to damage, it is the false imputation of a crime with the claim that the innocent suffer for others or nonexistent offense (CABANELLAS, Guillermo "Encyclopedic Dictionary of Customary Law." Volume III Pag 25). To that respect Carlos Creus says that "slander is an offense against the honor, whose specialty lies in the character of the dishonorable imputation." It is precisely that character that to many justifies the main punability that contains the type in relation to other chapters, since the passive subject can also see himself affected by the designed procedures to investigate the fact or authorship falsely attributed and that danger is always given, even if the agent has made a complaint before the authority.

Under this doctrine and legal reasoning, one can establish that the libel is defined as the act of falsely attributing to another the commission of an offense involving fraud or willful criminal conduct even if it is *undetermined,* this crime requires the submission of false accusation in the statement made in public, is a formal crime, because for its consummation is not required the production of any strange event to the action of the subject translated into public affirmation, as it is consumed with just because of the false imputation of a crime, but even that amount has damaged the honor of offended party; as in the case being investigated HUMBERTO ANTONIO ROCA LEIGUE in a direct, public and reiterated manner has attributed to the Ministers of the State a quality, a criminal condition, in this case of being involved in crimes of **THEFT AND CORRUPTION.**



At the time of the claims made public and many paid by the accused as demonstrated, have accomplished the criminal acts, claims that are constituted false, first because they have not been accredited by the same accused when it has been so required, and secondly because none of the Ministers of State have convictions linked to these types of crime, lesser criminal records, which shows the falsity of the statements made by HUMBERTO ANTONIO ROCA LEIGUE, fact connected to the presumption of innocence protected in Art. 6 of the Criminal Procedure Code and Art. 13, 21 paragraph 2), 22, 116 I. of the CPE, as it presumes a person innocent until proved guilty in Final Sentencing.

***THE DEFAMATION** MUST BE UNDERSTOOD AS THAT ACTION IN WHICH A PERSON INA A PUBLIC TENDENTIOUS AND REPTITIVE MANNER, DISCLOSES OR DIVULGES A FACT, A   QUALITY OR BEHAVIOR ABLE TO AFFECT THE REPUTATION OF AN INDIVIDUAL OR GROUP AS STATED IN ARTICLE 282 OF THE PENAL CODE.*

With respect to honor we refer initially the concept established in Article 17 of the Civil Code that refers that "Every person has the right have respect to their your good name. The protection of honor is made by this Code and other laws."

This action has to do with the descraditacion when accusations or offensive attributions are said publicly, biased and crawl, with the specific intention to affect and undermine the reputation and good name which a person enjoys in society, because the tendentious is precisely the intention of causing damage.

The Defamation, according to Carlos Creus, requires not only transcendences the offense to third parties, but also conduct integrated with the will to achieve that transcendence; therefore giving those circumstances, the conduct of **HUMBERTO ANTONIO ROCA LEIGUE** perfectly fits this offense under contempt, that is personally, directly who makes public the defamatory statements, in many cases paid for, have been covered by the national press and have been repeated throughout the Bolivian State, these harmful and false statements have precisely affected the reputation and dignity of each and every one of the Ministers of the State, collectively as members of the executive power and personally, affecting their good name and personal, professional and work recognition achieved so far in their duties.

This typical conduct affects the rights of third parties, it is also constitutionally recognized and protected, established in articles 21 paragraph 2) of the Political Constitution of the State:

**Article 21 of the CPE.-** The Bolivian people have the following rights:
2)      To privacy, intimacy, respect, honor, self image and dignity.

THE THIRD MORALITY REFERS TO INSULT IT HAS TO DO WITH THE FACT THAT A PERSON BY ANY DIRECT MEAN OFFENDS OTHERS ABOUT THEIR DIGNITY OR DECORUM. ART. 287 PENAL CODE.

Injury is all done contrary to reason or to justice, tort or offending word from another, with intent to dishonor, insult, vilify, discredit, make hateful, suspicious despicable another person, mortify them about with their flaws, put to ridicule or make fun of them, (CABANELLAS, "Encyclopedic Dictionary of Customary Law" Volume IV Pag 419).

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



Injury to be typical to constitute the externalization of prejudicial thoughts of honor, it must have a imputative character, that is, must be formed over allegations attributing qualities, habits that can be appreciated as a pejorative for the personality of the victim, since according to the offense, outrage done or said against reason and justice that affects the dignity, decency, restraint, shame, seriousness and decorum of a person.

**HUMBERTO ANTONIO ROCA LEIGUE** in his public statements made to the media repeatedly, in a direct way has offended the dignity and decorum of the Ministers of State, stating: *"HAVE HIM PUT HIS PEOPLE IN LINE, HE HAS TO PUT HIS MINISTERS IN LINE, HE HAS TO PUT ALL THE PEOPLE HE HAS OVER THERE IN LINE SO THEY WON'T STEAL." and "THE STATE NEEDS TO COMPLETELY DESTROY AEROSUR SO THAT YOUR COMPANY CALLED BOA COULD REIGN IN THE BOLIVIAN SKIES AND ALSO MAKE ALL THE CORRUPTION THAT EXISTS."*

Statements that are offensive, first because they are false, and second because facts are being attributed publically affecting the quality of the public officials of the State on the exercise of their office or function in particular, public desacreditation which affects not only the Minister personally the public function, and the State as a whole as each one is part of what is known as the executive body, known as one of the Entities of State made up precisely by the President, Vice President and the Ministers of the State. so these statements conform to the type of injuries in the understanding of Art. 162 of the Penal Code referred to as **Contempt.**

It should be understood that the concept of honor for the cases investigated, is given by the judgment that a person have of others, meaning that the statements that deviate from reality can become a negative impact on the population and weaken the corporate image not only of the Portfolio of the State each Minister is in charge of, but the government as a whole, because regardless of having damaged the public image of each of the Ministers in the Cabinet the honor in the objective sense is damaged, consciousness and feeling with each of them as people, their self-worth and prestige, in other words self-esteem.

In the delimitation of the concept of honor, this is enhanced today by aligning with the human dignity constitutionally protected, understood as a fundamental right that every person knows just for the fact of being, regardless of age, sex, nationality, religion, profession, personal or political condition, while the fame or social reputation, is socially conditioned and configured in a way much more clearly the more closed the social group a person belongs is, the person is integrated into various social states; as members of humanity, a culture, a nation, a religion, a class or professional labor as in this case is the representatives of the State of Bolivia, such as members of the Cabinet of Ministers of Bolivar as part of a government, because each one carries out their specific functions and certain missions, targeted to specific expectations and demands.  In this sense honor is nothing more than the sum of those qualities that are attributed to the person and are necessary to fulfill specific roles assigned to them and that this is marred with the statements made by **HUMBERTO ANTONIO ROCA LEIGUE.**

**FIFTH.-** *FRAUD: ARTICLE 14 OF THE FRAUD PENAL CODE.- The offense is fraudulent when the result has been wanted or expected and confirmed by the agent or when is a necessary consequence of its action.*

Fraud is a conscious action unlawfully intended to produce harm to another, with awareness that violates a duty, with willingness to perform the act and with representation of the result you want or consent. In the case in question, clearly identifies a deliberate intention that HUMBERTO ANTONIO ROCA LEIGUE assumes to offend the corporate and personal image of public

officials that results in fraud and directly harms the honor of the Ministers of State; to affirm the presence of fraud is necessary that the subject has knowledge of the falsity of what they charged or objectively false imputation is made with reckless disregard for the truth, as in the case the statements made by **HUMBERTO ANTONIO ROCA LEIGUE** more than voluntary have been public and repetitive, which not only points out the fraud, or his willingness to attribute events and make them public, but his knowledge of these powers libelous, defamatory abusive are false and tendentious, and that they affect the personal, professional and public official conditions of each of the Ministers of the State, which also shows that he has acted directly, thus being identified as the author, and that he acted alone and directly in accordance with Art. 20 of the Penal Code, no errors exist in his actions or defense of any liability that can claim.

So the actions of **HUMBERTO ANTONIO ROCA LEIGUE**, it is understood in the doctrine "the **RELEVANT VOLUNTARY SOCIAL HUMAN BEHAVIOR SHOWN ABROAD**," with its actions aimed at committing the crime described above, therefore his conduct, under the theory of the crime, is a **TYPICAL, UNLAWFUL, GUILTY AND PUNISHABLE** action, connected to the crime of **CONTEMPT** in its three formalities.

### VI.   APPLICABLE LEGAL REQUIREMENTS

On merit to all the evidence collected in the preparatory stage for trial, so also signs and other elements of conviction, it establishes that the defendant HUMBERTO ANTONIO ROCA LEIGUE committed the crime of CONTEMP, Article 162 in relation to Articles 14 and 20 Fraud of the Bolivian Penal Code and 340, 342, 343 and 344 of the Primal Procedure Rules.

### VII.   PROOF OF EVIDENCE FROM THE PUBLIC PROSECUTOR

**TESTIMONIAL EVIDENCE.-**

1. Luis Alberto Arce Catacora, Minister of Economic and Public Finances, of legal age and sound mind.
2. Walter Delgadillo Terceros, Minister of Public Works and Housing, of legal age and sound mind.
3. E. Viviana Caro Hinojosa, Minister of Planning and Development, of legal age and sound mind.
4. Sacha Sergio Llorenty Soliz, Minister of State, of legal age and sound mind.
5. Oscar Coca Antezana, Ministry of the Presidency, of legal age and sound mind.
6. Carmen Trujillo Cardenas, Minister of Labor and Social Security, of legal age and sound mind.
7. Roberto Ivan Aguilar Gomez, Minister of Education, of legal age and sound mind.

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



8. Nardi Elizabeth Suxo Iturri, Minister of Institutional Transparency and Fight Against Corruption, of legal age and sound mind.

9. Maria Esther Udaeta Velasquez, Minister of Water and Environment, of legal age and sound mind.

10. Nila Heredia Miranda, Minister of Health and Sports, of legal age and sound mind.

11. Zulma Yugar Parraga, Minister of Culture, of legal age and sound mind.

12. Nemesia Achacollo Tola, Minister of Land and Rural Development, of legal age and sound mind.

13. Elizabeth Arismendi Chumacero, Minister of Legal Defense of the State, of legal age and sound mind.

14. Ruben Aldo Saavedra Soto, Minister of of Defense, of legal age and sound mind.

15. Carlos Romero Bonifaz, Minister of Autonomy, of legal age and sound mind.

16. David Choquehuanca Cespedes, Minister of Foreign Relations, of legal age and sound mind.

17. Luis Fernando VINCENTI Vargas, Minister of Hydrocarbons and Energy, of legal age and sound mind.

18. Antonia Rodriguez Medrano, Minister of Productive Development and Plural Economy, of legal age and sound mind.

19. Jose Antonio Pimentel Castillo. Minister of Mining and Metallurgy, of legal age and sound mind.

20. Nilda Copa Condori, Minister of Justice, of legal age and sound mind.

21. Johnny Delgado Mendizabal, Executive General Director of the Social Communication Division of the Ministry of the Presidency, who is of legal age and sound mind.

## VII. II. **WRITTEN EVIDENCE.-**

Written evidence as follows:

MP01 Claim presented by Nardi Elizabeth Suxo Iturri on June 2, 2010 with attachments:
- Compact Disc with the recording of the news broadcast of channel GIGAVISION submitted to that State Portfolio by the National Social Communication Division under the Ministry of the Presidency.
- Copy of Note LETTER/MTILCC/VLCC/2010-1531 through which the Ministry of Institutional Transparency and Fight Against Corruption, requested information to Humberto Antonio Roca Leigue regarding the statements made regarding the alleged commission of crimes by the Cabinet of Ministers.
- Copy of Note CITE: SRZDD5L 0244/10 signed by Humberto Antonio Roca Leigue, President of AEROSUR, by which he attached copy of press releases and Internet regarding different facts of alleged corruption.

MP02 Injunction of June 4, 2010 addressed to the management of Red Uno de Bolivia, and response CITE GER. REG. 421/10 of June 14, 2010; CITE GER.REG. 471/10 of July 2, 2010 to which it was attached 7 DVDs and private publicity contracts.

MP03 Injunction of June 4, 2010 addressed to the management of Red ATB, response through Official Letter GG-No. 026/10 of June 11, 2010, to which there were attached 4 DVDs and photocopies of invoices and guidelines issued in name of AEROSUR; Official Letter



of June 16, 2010 GG-No. 029/10 to which it was attached a photocopy of the Service Contract.

**MP04** Injunction of June 4, 2010 addressed to the management of Periodistas Asociados de Television (Television Journalists Association) PAT, who as a response they submitted CITE No.045/10 of June 14, 2010 to which they attached on the attached photocopies of advertising contracts and invoices and 5 DVDs.

**MP05** Injunction of June 4, 2010 addressed to the management of Television Boliviana Internacional (International Bolivian Television), forwarding in response Memorandum of July 1, 2010 presented by Atty. Leila Yuskenka Mercedes Cortez to which there is attached 2 DVDs and photocopies Conditions for Provision of Advertising Services and invoices; Memorandum of July 2, 2010 by which the response to Injunction to which 1 DVD is attached.

**MP06** Injunction of June 8, 2010 addressed to the Prosecution Department of La Paz, sending in response Injunction of July 15, 2010, Report 140/10 of July 14, 2010, the Injunction of June 17, 2010.

**MP07** Injunction of June 8, 2010 directed to the Migration National Service, response through Official Letter of June 22, 2010 UC-DGM-CITE1378/10 H.R. 5176, attaching Certification of June 22, 2010 UC-DGM-1378/10 H.R. 5176.

**MP08** Written testimony of HUMBERTO ANTONIO ROCA LEIGUE, given before the Public Prosecutor on August 5, 2010 in the city of Santa Cruz

**MP09** Certificates of Criminal Record of the Ministers of the Cabinet of the Multinational State: Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa, Elizabeth Arismendi Chumacero, Ruben Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, Maria Esther Udaeta Velasquez, Nilda Heredia Carmen Trujillo Cardenas, Nilda Copa Condori, Jose Pimentel Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Cespedes, Oscar Coca Artezana, Antonia Rodriguez Medrano, Nardy Suxo Iturri, Roberto Ivan Aguilar Gomez in response to Injunction.

**MP10** Official Letter MEFP/DGAJ/UGJ/No. 1378/2010 of November 15, 2010 sent by the Minister of Public Economy and Finances, Luis Alberto Arce Catacora in response to Injunction.

**MP11** Official Letter MOPSV-DESP 1623/2010 of November 16, 2010 sent by Walter Delgadillo Terceros, Minister of Public Works and Housing in response to Injunction.

**MP12** CITE: MPD/DGAJ/EXT/No. 424/2010 of November 16, 2010 sent by E. Viviana Caro Hinojosa, Minister of Planning and Development in response to Injunction.

**MP13** CITE DMG.OF. No. 1100/2010 of November 12, 2010 sent by Sacha Sergio Llorenty Soliz, Minister of State in response to Injunction.

**MP14** Official Letter MPR-DGAJ-UGJ 1760/210 of November 15, 2010 sent by Oscar Coca Antezana, Minister of the Presidency in response to Injunction.

**MP15** Memorandum of Appearance of November 11, 2010 presented by Carmen Trujillo Cardenas, Minster of Labor and Social Security in response to Injunction.

**MP16** Memorandum of Appearance of November 16, 2010 presented by Roberto Ivan Aguilar Gomez, Minister of Education in response to Injunction.

**MP17** Memorandum of Appearance of November 19, 2010 presented by Nardi Elizabeth Suxo Iturri in response to Injunction.

**MP18** CITE 1748 of November 15, 2010 presented by Maria Esther Udaeta Velasquez, Minister of Water and Environment in response to Injunction.

*(Signature) illegible*
*/illegible/*OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



**MP19**   CITE MSD/DGAJ/UGJ/1880/2010 of November 25, 2010 presented by Nila Heredia Miranda, Minister of Health and Sports in response to Injunction.

**MP20**   Official Letter presented on November 28, 2010 by Zulma Yugar Parraga, Minister of Culture in response to Injunction.

**MP21**   Official Letter MDRy T/DESP No. 4003/2010 of November 17, 2010 presented by Menesia Achacollo Tola, Minister of Land and Rural Development in response to Injunction.

**MP22**   Official Letter MDLE-DM-No. 693/2010 of November 15, 2010 presented by Elizabeth Arismendi Chumacero, Minister of the Legal Defense of the State in response to Injunction.

**MP23**   Official Letter MDN-SD-DGAJ No. /10 of November 12, 2010 presented by Ruben Aldo Saavedra Soto, Minister of Defense in response to Injunction.

**MP24**   Official Letter MA OFFICE No. 2305/2010 of November 15, 2010 presented by Carlos Romero Bonifaz, Minister of Autonomy in response to Injunction.

**MP25**   Official Letter GM-DGAJ-UGJ-324510 of November 19, 2010 presented by David Choquehuanca Cespedes, Minister of Foreign Relations in response to Injunction.

**MP26**   Official Letter MHE-7250 DESP-2525 of November 11, 2010 presented by Luis Fernando VINCENTI Vargas, Minister of Hydrocarbons and Energy in response to Injunction.

**MP27**   Official Letter MDP-MDP-DAJ-2010-0491 of November 12, 2010 presented by Antonia Rodriguez Medrano, Minister of Productive Development and Plural Economy in response to Injunction.

**MP28**   Memorandum by which Jose Antonio Pimentel Castillo, Minister of Mining & Metallurgy, presents Written Statement of November 15, 2010 in response to Injunction.

**MP29**   CITE-MJ DESP No. 1461/2010 of November 15, 2010 presented by Nilda Copa Condori, Minister of Justice in response to Injunction.

**MP39**   Official Letter DNCS-DGE-E No. sent from the National Social Communication Division, with an attached transcription of the video in response to Injunction.

## VIII. REQUEST

Having set the objective factors relating to the conduct of the perpetrators of the crime, the legally protected interest that has been injured, the crime referred to subjective intent and knowledge of their actions, the conduct described in detail, this generated the criminal responsibility of defendants to attribute to them the commission of the offense already founded, so that *in strict adherence to the principle of objectivity formally CHARGES:*

### 1. HUMBERTO ANTONIO ROCA LEIGUE WITH THE CRIME OF CONTEMPT ARTICLE 162 OF THE PENAL CODE

Asking the Ruling of the Court that previous ruling that legislative action will serve to dictate the order calling for trial and noting the date and time of trial, public and contradictory, and after previous sustention of the same and appraisal of the evidence of charge to pronounce sentence against the accused as the perpetrator of the crime CONTEMPT AND SANCTIONED BY ART. 162 OF THE PENAL CODE.



**FIRST AMENDMENT.-** In accordance with the provisions of Art. 98 last part of the Penal Adjective Standard, I present the Resolution of Formal Charges, Certificate of Testimony given by the ACCUSED.

**SECOND AMENDMENT.-**  For purposes of notification with this accusation it is well to manifest in relation to the defendant's Legal Situation, **he has been DECLARED IN CONTEMPT OF COURT;  because to the effects of not generating   defenseless I REQUEST  FOR  YOU  TO  FILE  THE  CASE  AND  PROCEED  WITH  THE NOTIFICATION WITH CHARGES AND ACTUADED BY EDICTS OF THE LAW. Let it be with the formalities of the law.**

**THIRD AMENDMENT.-**  In application of the criminal procedural law, I request expressed authorization for the use of audio-visual technical means in all stages of the trial, as stated in the legal provisions contained in 355 and 356 of the Criminal Procedure Code**.**

**FIFTH AMENDMENT.-** The domicile of the Prosecutor in the Building of the Office of the District Attorney of La Paz, Calle (Street) Potosi No. 944, 3rd floor, Office 305.

La Paz – March 28, 2011

*(Signature) /illegible/*

EDWARD OMAR MOLLINEDO PINEDO

ANTICORRUPTION PROSECUTOR

OFFICE OF THE STATE ATTORNEY

/illegible/ FOURTH CRIMINAL - PREVENTIVE
Presented on *Monday, 28*$^{th}$
Of *March*  of the year
*2011*  time   *9:45 a.m.*
*/illegible/  23 Literal photocopies*
*/illegible/*

*(Signature) /illegible/*
*/illegible/ Uruchi Limaci*
ASSISTANT
/illegible/ 4th of /illegible/
/illegible/



## TRANSLATOR'S CERTIFICATION

*I attest:* That I read and write Spanish and English that I am a qualified translator and that the preceding thirteen [13] pages, translated by me and initialed by me, constitute an accurate, complete and truthful English translation from a copy of the Spanish document to the best of my ability and knowledge.

Document (s):  **Fourth Preventive Criminal Judge of the** City of La Paz
**Presents Resolution of Formal Charges--ADDENDUM
No. 002/2011
IANUS: 201032171
Legal Case No.: 5050/2010**

Related to:  ***HUMBERTO ANTONIO ROCA LEIGUE***

_____
*Jorge A. Acosta, qualified translator*
Jorge A. Acosta
Qualified Translator

SEÑORA JUEZ CUARTO DE INSTRUCCIÓN EN LO PENAL CAUTELAR DE LA CIUDAD DE LA PAZ.

PRESENTA ACUSACIÓN FORMAL.

OTROSIES.-

EDWARD OMAR MOLLINEDO PINEDO, FISCAL DE MATERIA DE LA FISCALÍA ESPECIALIZADA EN PERSECUCIÓN DE DELITOS DE CORRUPCIÓN DE LA FISCALIA DE DEPARTAMENTAL DE LA PAZ, en representación del Estado y la Sociedad, presenta Acusación Formal bajo los siguientes fundamentos.

## ACUSACIÓN No. 002/2011

IANUS: 201032171.     CASO FIS: 5050/2010.

### I.     DATOS GENERALES DEL ACUSADO.

**HUMBERTO ANTONIO ROCA LEIGUE**, mayor de edad, hábil por derecho, con CI No. 1504708 LP, de Profesión Empleado, nacido en fecha 27 de octubre de 1958 en Santa Cruz de la Sierra Provincia Andrés Ibáñez.

**DOMICILIO REAL:** Calle Chichapi No. 100 o 2075 entre 2do. y 3er. Anillo Barrio Fleig, ciudad de Santa Cruz de la Sierra

**ABOGADO DEFENSOR:** Dr. Jorge Eduardo Ortiz Banzer con MCA 4760 y Guery Abuday Yánez con MCA 2086.

**DOMICILIO PROCESAL:** Edificio Park INN, Piso 8 oficinas 82-83 ubicado en la Calle Federico Suazo No. 159 de la ciudad de La Paz.

### II.     DATOS DE LA DENUNCIANTE.

**NARDI ELIZABETH SUXO ITURRI** MINISTRA DE TRANSPARENCIA INSTITUCIONAL Y LUCHA CONTRA LA CORRUPCIÓN EN VIRTUD AL DECRETO PRESIDENCIAL No. 0407 de fecha 23 de enero de 2010.

**DOMICILIO PROCESAL:** Domicilio de la oficina del Viceministerio de Lucha contra la Corrupción, ubicado en la ciudad de La Paz en la Calle Capitán Ravelo, Edificio Capitán Ravelo No. 2101 Piso 7.

### III.     RELACIÓN DE HECHOS.

De acuerdo a la Denuncia presentada por la Dra. Nardi Elizabeth Suxo Iturry Ministra de Transparencia Institucional y Lucha Contra la Corrupción, que en cumplimiento a las atribuciones que le confiere el artículo 28 del DS No. 29894 de fecha 07 de febrero de 2009, tomó conocimiento que Humberto Antonio Roca Leigue, Presidente de la Compañía Boliviana de Transporte Aéreo Privado S.A. habría sindicado la comisión de delitos de orden público al actual Gabinete del Estado Plurinacional, la relación refiere:

El día 14 de mayo de 2010, en el noticiero central (nocturno) del canal televisivo GIGAVISIÓN de la ciudad de Santa Cruz, fue transmitida una declaración formulada por Humberto Antonio Roca Leigue Presidente de AEROSUR, dentro de la cual se le preguntó su opinión respecto a las declaraciones formuladas por el Vicepresidente del Estado Plurinacional Álvaro García Linera sobre el estado de las aeronaves de AEROSUR a lo cual además de haber desviado la pregunta, dijo: *"poner en línea a sus ministros para que no roben "* declaraciones y afirmaciones que merecieron que el día 17 de mayo de 2010, en su calidad de Ministra de Transparencia y Lucha Contra la Corrupción solicite mediante Nota CARTA/MTILCC/VMLCC/2010-1531 al Ing. Roca Leigue que haga conocer a su despacho, el sustento de sus afirmaciones de la supuesta comisión de actos de corrupción, para lo cual le solicitó que dicha información pueda ser remitida en el plazo de 10 días computables a partir de su legal notificación.

Es así que en fecha 28 de mayo de 2010 casi al vencimiento del plazo solicitado para la remisión de la información, el Ing. Humberto Antonio Roca Leigue mediante Nota CITE:SRZDD5L 0244/10 señala que las declaraciones efectuadas por su persona, recuerdan los actos de corrupción, narcotráfico y contrabando que fueron publicados en

19. José Antonio Pimentel Castillo Ministro de Minería y Metalurgia quien es mayor de edad y hábil por derecho.

20. Nilda Copa Condori Ministra de Justicia quien es mayor de edad y hábil por derecho.

21. Lic. Johnny Delgado Mendizábal Director General Ejecutivo de la Dirección de Comunicación Social del Ministerio de la Presidencia, quien es mayor de edad y hábil por derecho.

## VII. II. PRUEBA DOCUMENTAL.-

Se ofrece como prueba documental la siguiente:

**MP 01.** Denuncia presentada por la Dra. Nardi Elizabeth Suxo Iturri en fecha 02 de junio de 2010 por la que adjunta:
- ➢ Un Disco Compacto que contiene la grabación del Noticiero Central del Canal GIGAVISIÓN remitido a esa Cartera de Estado por la Dirección Nacional de Comunicación Social dependiente del Ministerio de la Presidencia.
- ➢ Copia de la Nota CARTA/MTILCC/VLCC/2010-1531 mediante la cual el Ministerio de Transparencia Institucional y Lucha Contra la Corrupción, solicitó información al Ing. Humberto Antonio Roca Leigue sobre las afirmaciones realizadas sobre la supuesta comisión de delitos por el Gabinete de Ministros.
- ➢ Copia de la Nota CITE: SRZDD5L 0244/10 suscrita por el Ing. Humberto Antonio Roca Leigue Prescíndete de AEROSUR, mediante la cual adjunta copias de noticias de Prensa y de Internet sobre diferentes hechos de supuesta corrupción.

**MP 02.** Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Red Uno de Bolivia enviándose en respuesta el CITE GER. REG. 421/10 de fecha 14 de junio de 2010; el CITE GER.REG. 471/10 de 02 de julio de 2010 por el que se adjuntaron 07 DVDs y contratos privados de publicidad.

**MP 03.** Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de la Red ATB, respuesta a través del Oficio GG-No. 026/10 de fecha 11 de junio de 2010, por el que se adjuntaron 04 DVDs y fotocopias de facturas y órdenes de pauteo emitidas a nombre de AEROSUR; Oficio de fecha 16 de junio de 2010 GG-No.029/10 por el que se adjuntó una fotocopia de Contrato de Prestación de Servicios.

**MP 04.** Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Periodistas Asociados de Televisión PAT, quienes enviaron en respuesta el CITE No. 045/10 de 14 de junio de 2010 por el que adjuntaron fotocopias de contratos de emisión de publicidad y facturas y 05 DVDs.

**MP 05.** Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Televisión Boliviana Internacional, enviándose en respuesta el memorial de fecha 1 de julio de 2010 presentado por la Lic. Leila Yushenka Mercedes Cortez Pérez por el que adjuntaron 02 DVD y fotocopias de las Condiciones para Prestación de Servicios Publicitarios y facturas; Memorial de fecha 2 de julio de 2010 por el que se complementa la respuesta a Requerimiento Fiscal por el que se adjunta 01 DVD.

**MP 06.** Requerimiento Fiscal de fecha 08 de junio de 2010 dirigido a la Fiscalía Departamental de La Paz enviándose en respuesta el Requerimiento de fecha 15 de julio de 2010, el Informe 140/10 de 14 de julio de 2010, el Requerimiento de fecha 17 de junio de 2010.

**MP 07.** Requerimiento Fiscal de fecha 08 de junio de 2010 dirigido al Servicio Nacional de Migración, respuesta a través del Oficio de fecha 22 de junio de 2010 UC-DGM-CITE1378/10 H.R. 5176 por el que se adjuntó la Certificación de fecha 22 de junio de 2010 UC-DGM-1378/10 H.R. 5176.

**MP 08.** Declaración de informativa del señor HUMBERTO ANTONIO ROCA LEIGUE prestada ante el Ministerio Público de fecha 05 de agosto de 2010 en la ciudad de Santa Cruz.

**MP 09.** Certificados de Registro de Antecedentes Penales de los señores Ministros del Gabinete: Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa, Elizabet Arismendi Chumacero, Rubén Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, María Esther Udaeta Velásquez, Nilda Heredia Carmen Trujillo Cárdenas, Nilda Copa Condori, José Pimentel, Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Céspedes, Oscar Coca Antezana, Antonia Rodríguez Medrano, Nardy Suxo Iturri, Roberto Iván Aguilar Gómez enviados en respuesta a Requerimiento Fiscal.

**MP 10.** Oficio MEFP/DGAJ/UGJ/No. 1378/2010 de fecha 15 de noviembre de 2010 emitido por el señor Ministro de Economía y Finanzas Públicas Luis Alberto Arce Catacora en respuesta a Requerimiento Fiscal.

**MP 11.** Oficio MOPSV-DESP 1623/2010 de 16 de noviembre de 2010 remitido por el señor Walter Delgadillo Terceros Ministro de Obras Públicas Servicios y Vivienda en respuesta a Requerimiento Fiscal.

**MP 12.** CITE: MPD/DGAJ/EXT/ No. 424/2010 de fecha 16 de noviembre de 2010 remitido por E. Viviana Caro Hinojosa Ministra de Planificación del Desarrollo en respuesta a Requerimiento Fiscal.

**MP 13.** CITE DMG.OF. No. 1100/2010 de fecha 12 de noviembre de 2010 remitido por Sacha Sergio Llorenty Soliz Ministro de Gobierno en respuesta a Requerimiento Fiscal.

**MP 14.** Oficio MPR-DGAJ-UGJ 1760/2010 de fecha 15 de noviembre de 2010 remitido por Oscar Coca Antezana Ministro de la Presidencia en respuesta a Requerimiento Fiscal.

**MP 15.** Memorial de Apersonamiento de fecha 11 de noviembre de 2010 presentado por Carmen Trujillo Cárdenas Ministra de Trabajo Empleo y Previsión Social en respuesta a Requerimiento Fiscal.

**MP 16.** Memorial de Apersonamiento de fecha 16 de noviembre de 2010 presentado por Roberto Iván Aguilar Gómez Ministro de Educación en respuesta a Requerimiento Fiscal.

**MP 17.** Memorial de Apersonamiento de fecha 19 de noviembre de 2010 presentado por Nardi Elizabeth Suxo Iturri en respuesta a Requerimiento Fiscal.

**MP 18.** CITE 1748 de fecha 15 de noviembre de 2010 presentado por María Esther Udaeta Velásquez Ministra de Medio Ambiente y Agua en respuesta a Requerimiento Fiscal.

**MP 19.** CITE MSD/DGAJ/UGJ/1880/2010 de fecha 25 de noviembre de 2010 presentado por Nila Heredia Miranda Ministra de Salud y Deportes en respuesta a Requerimiento Fiscal.

**MP 20.** Oficio presentado en fecha 28 de noviembre de 2010 por Zulma Yugar Parraga Ministra de Culturas en respuesta a Requerimiento Fiscal.

**MP 21.** Oficio MDRy T/DESP No. 4003/2010 de fecha 17 de noviembre de 2010 presentado por Nemesia Achacollo Tola Ministra de Desarrollo Rural y Tierra en respuesta a Requerimiento Fiscal.

**MP 22.** Oficio MDLE- DM-No. 693/2010 de fecha 15 de noviembre de 2010 presentado por Elizabeth Arismendi Chumacero Ministra de Defensa Legal del Estado en respuesta a Requerimiento Fiscal.

**MP 23.** Oficio MDN-SD-DGAJ No. /10  de fecha 12 de noviembre de 2010 presentado por Rubén Aldo Saavedra Soto Ministro de Defensa en respuesta a Requerimiento Fiscal.

**MP 24.** Oficio MA DESPACHO No. 2305/2010 de fecha 15 de noviembre de 2010 presentado por Carlos Romero Bonifaz Ministro de Autonomía en respuesta a Requerimiento Fiscal.

**MP 25.** Oficio GM-DGAJ-UGJ-324510 de fecha 19 de noviembre de 2010 presentado por David Choquehuanca Céspedes Ministro de Relaciones Exteriores en respuesta a Requerimiento Fiscal.

**MP 26.** Oficio MHE-7250 DESP-2525 de fecha 11 de noviembre de 2010 presentado por Luis Fernando VINCENTI Vargas Ministro de Hidrocarburos y Energía en respuesta a Requerimiento Fiscal.

**MP 27.** Oficio MDP-MDP-DAJ-2010-0491 de fecha 12 de noviembre de 2010 presentado por Antonia Rodríguez Medrano Ministra de Desarrollo Productivo y Economía Plural en respuesta a Requerimiento Fiscal.

**MP 28.** Memorial por el que presenta Declaración Escrita José Antonio Pimentel Castillo Ministro de Minería y Metalurgia de fecha 15 de noviembre de 2010 en respuesta a Requerimiento Fiscal.

**MP 29.** CITE-MJ DESP No. 1461/2010 de fecha 15 de noviembre de 2010 presentado por Nilda Copa Condori Ministra de Justicia en respuesta a Requerimiento Fiscal.

**MP 30.** Oficio DNCS-DGE-E No. 257/2010 de fecha 15 de noviembre de 2010 remitido de Dirección Nacional de Comunicación Social, por el que adjuntó una trascripción en respuesta a Requerimiento Fiscal y respaldo óptico.

## VIII.  PETITORIO.

Expuestos los elementos objetivos referidos a la conducta de los sujetos activos del delito, el bien jurídico protegido que ha sido lesionado, el tipo penal subjetivo referido al dolo y conocimiento de su accionar, la conducta descrita en detalle, esta generada la responsabilidad penal de los acusados para atribuirles la comisión del ilícito ya fundamentado,  por lo que, *en estricto apego al principio de objetividad ACUSA formalmente a:*

### 1. HUMBERTO ANTONIO ROCA LEIGUE DE LA COMISIÓN DEL DELITO DESACATO ARTÍCULO 162 EL CÓDIGO PENAL.

Pidiendo  al Juzgado Sentencia que previos los trámites de ley  se sirvan  dictar el correspondiente auto de apertura de juicio y señalar día y hora de juicio oral, público y contradictorio, y previa sustanciación del mismo y valoración de la prueba de cargo se pronuncie sentencia condenatoria en contra del acusado como autor del delito DESACATO PREVISTO Y SANCIONADO POR EL ART. 162 DEL CÓDIGO PENAL.

medios de prensa, reconociendo que en muchos de ellos, ha tenido intervención directa el Ministerio de Transparencia y Lucha Contra la Corrupción, para lo cual adjunta recortes de prensa y noticias del Internet, sin embargo no probó su afirmación de que existan Ministros que estén Robando al Estado.

En base a estos antecedentes se ordena las investigaciones  y en fecha 25 de agosto de 2010  se dicta Resolución de Imputación formal en contra de Humberto  Antonio Roca Leigue por el delito de  DESACATO previsto y sancionado por el Art. 162 del Código Penal.

## IV.   FUNDAMENTACIÓN FÁCTICA PROBATORIA.-

A lo largo de la Investigación se realizaron actuaciones investigativas que tuvieron como resultado la reunión de suficientes indicios y elementos de prueba  para determinar que la conducta  de  HUMBERTO ANTONIO ROCA  LEIGUE   se  encuentra  perfectamente adecuada al  tipo penal  de  Desacato establecido en el Código Penal Boliviano y basado fundamentalmente en las siguientes pruebas.

1. Denuncia presentada por la Dra. Nardi Elizabeth Suxo Iturri en fecha 02 de junio de 2010 por la que adjunta:
   - Un Disco Compacto que contiene la grabación del Noticiero Central del Canal GIGAVISIÓN remitido a esa Cartera de Estado por la Dirección Nacional de Comunicación Social dependiente del Ministerio de la Presidencia.
   - Copia de la Nota CARTA/MTILCC/VLCC/2010-1531 mediante la cual el Ministerio de Transparencia Institucional y Lucha Contra la Corrupción, solicitó información al Ing. Humberto Antonio Roca Leigue sobre las afirmaciones realizadas sobre la supuesta comisión de delitos por el Gabinete de Ministros.
   - Copia de la Nota CITE: SRZDDSL 0244/10 suscrita por el Ing. Humberto Antonio Roca Leigue Presidente de AEROSUR, mediante la cual adjunta copias de noticias de Prensa y de Internet sobre diferentes hechos de supuesta corrupción.
   - Grabación  de prensa y documentos  que son base de la denuncia y que  ha servido para determinar en las  investigaciones   la  responsabilidad de HUMBERTO ANTONIO ROCA LEIGUE  el Desacato bajo las tres modalidades.
2. Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Red Uno de Bolivia, y respuesta CITE GER. REG. 421/10 de fecha 14 de junio de 2010; el CITE GER.REG. 471/10 de 02 de julio de 2010 por el que se adjuntaron 07 DVDs y contratos privados de publicidad.
3. Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de la Red ATB, respuesta a través del Oficio GG-No. 026/10 de fecha 11 de junio de 2010, por el que se adjuntaron 04 DVDs y fotocopias de facturas y órdenes de pauteo emitidas a nombre de AEROSUR; Oficio de fecha 16 de junio de 2010 GG-No.029/10 por el que se adjuntó una fotocopia de Contrato de Prestación de Servicios.
4. Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Periodistas Asociados de Televisión PAT, quienes enviaron en respuesta el CITE No. 045/10 de 14 de junio de 2010 por el que adjuntaron fotocopias de contratos de emisión de publicidad y facturas y 05 DVDs.
5. Requerimiento Fiscal de fecha 04 de junio de 2010 dirigido a la Gerencia de Televisión Boliviana Internacional, enviándose en respuesta el memorial de fecha 1 de julio de 2010 presentado por la Lic. Leila Yushenka Mercedes Cortez Pérez por el que adjuntaron 02 DVDs y fotocopias de las Condiciones para Prestación de Servicios Publicitarios y facturas; Memorial de fecha 2 de julio de 2010 por el que se complementa la respuesta a Requerimiento Fiscal por el que se adjunta 01 DVD.
6. Requerimiento Fiscal de fecha 08 de junio de 2010 dirigido a la Fiscalía Departamental de La Paz enviándose en respuesta el Requerimiento de fecha 15 de julio de 2010, el Informe 140/10 de 14 de julio de 2010, el Requerimiento de fecha 17 de junio de 2010.
7. Certificados de Registro de Antecedentes Penales de los señores Ministros del Gabinete Ministerial  del Estado Plurinacional : Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa,



Elizabet Arismendi Chumacero, Rubén Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, María Esther Udaeta Velásquez, Nilda Heredia Carmen Trujillo Cárdenas, Nilda Copa Condori, José Pimentel, Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Céspedes, Oscar Coca Antezana, Antonia Rodríguez Medrano, Nardy Suxo Iturri, Roberto Iván Aguilar Gómez; documentos que demuestran que los señores Ministros de Estado no tienen ningún antecedente penal respecto a los supuestos hechos denunciados por HUMBERTO ANTONIO ROCA LEIGUE.

8. Oficio MEFP/DGAJ/UGJ/No. 1378/2010 de fecha 15 de noviembre de 2010 emitido por el señor Ministro de Economía y Finanzas Públicas Luis Alberto Arce Catacora.

9. Oficio MOPSV-DESP 1623/2010 de 16 de noviembre de 2010 remitido por el señor Walter Delgadillo Terceros Ministro de Obras Públicas Servicios y Vivienda.

10. CITE: MPD/DGAJ/EXT/ No. 424/2010 de fecha 16 de noviembre de 2010 remitido por E. Viviana Caro Hinojosa Ministra de Planificación del Desarrollo.

11. CITE DMG.OF. No. 1100/2010 de fecha 12 de noviembre de 2010 remitido por Sacha Sergio Llorenty Soliz Ministro de Gobierno.

12. Oficio MPR-DGAJ-UGJ 1760/2010 de fecha 15 de noviembre de 2010 remitido por Oscar Coca Antezana Ministro de la Presidencia.

13. Memorial de Apersonamiento de fecha 11 de noviembre de 2010 presentado por Carmen Trujillo Cárdenas Ministra de Trabajo Empleo y Previsión Social.

14. Memorial de Apersonamiento de fecha 16 de noviembre de 2010 presentado por Roberto Iván Aguilar Gómez Ministro de Educación.

15. Memorial de Apersonamiento de fecha 19 de noviembre de 2010 presentado por Nardi Elizabeth Suxo Iturri.

16. CITE 1748 de fecha 15 de noviembre de 2010 presentado por María Esther Udaeta Velásquez Ministra de Medio Ambiente y Agua.

17. CITE MSD/DGAJ/UGJ/1880/2010 de fecha 25 de noviembre de 2010 presentado por Nila Heredia Miranda Ministra de Salud y Deportes.

18. Oficio presentado en fecha 28 de noviembre de 2010 por Zulma Yugar Parraga Ministra de Culturas.

19. Oficio MDRy T/DESP No. 4003/2010 de fecha 17 de noviembre de 2010 presentado por Menesia Achacollo Tola Ministra de Desarrollo Rural y Tierra.

20. Oficio MDLE- DM-No. 693/2010 de fecha 15 de noviembre de 2010 presentado por Elizabeth Arismendi Chumacero Ministra de Defensa Legal del Estado.

21. Oficio MDN-SD-DGAJ No. /10 de fecha 12 de noviembre de 2010 presentado por Rubén Aldo Saavedra Soto Ministro de Defensa.

22. Oficio MA DESPACHO No. 2305/2010 de fecha 15 de noviembre de 2010 presentado por Carlos Romero Bonifaz Ministro de Autonomía.

23. Oficio GM-DGAJ-UGJ-324510 de fecha 19 de noviembre de 2010 presentado por David Choquehuanca Céspedes Ministro de Relaciones Exteriores.

24. Oficio MHE-7250 DESP-2525 de fecha 11 de noviembre de 2010 presentado por Luis Fernando VINCENTI Vargas Ministro de Hidrocarburos y Energía.

25. Oficio MDP-MDP-DAJ-2010-0491 de fecha 12 de noviembre de 2010 presentado por Antonia Rodríguez Medrano Ministra de Desarrollo Productivo y Economía Plural.

26. Memorial por el que presenta Declaración Escrita José Antonio Pimentel Castillo Ministro de Minería y Metalurgia de fecha 15 de noviembre de 2010.

27. CITE-MJ DESP No. 1461/2010 de fecha 15 de noviembre de 2010 presentado por Nilda Copa Condori Ministra de Justicia.

28. Oficio DNCS-DGE-E No. 257/2010 de fecha 15 de noviembre de 2010 remitido de Dirección Nacional de Comunicación Social, por el que adjuntó una trascripción de video.

## V.   FUNDAMENTACIÓN JURÍDICA DE LA ACUSACIÓN.-

La investigación realizada en la etapa preparatoria permitió al Ministerio Público acumular suficientes indicios y elementos convicción para emitir un Requerimiento Conclusivo de Acusación en contra de HUMBERTO ANTONIO ROCA LEIGUE como Autor de la comisión del delito DESACATO Art. 162 del Código Penal.

**PRIMERO.-** Se tiene como hecho que el día 14 de mayo de 2010, en el Noticiero Central de GIGAVISIÓN de la ciudad de Santa Cruz, fue transmitida una declaración formulada por el Humberto Antonio Roca Leigue Presidente de AEROSUR SA, habiéndole preguntado su opinión respecto a las declaraciones formuladas por el Vicepresidente del Estado Álvaro García Linera sobre el estado de las aeronaves de AEROSUR, quien públicamente afirmó:

> *"QUE PONGA EN LÍNEA A SU GENTE, TIENE QUE PONER EN LÍNEA A SUS MINISTROS, TIENE QUE PONER EN LÍNEA A TODA SU GENTE QUE TIENEN ALLÁ PARA QUE NO ROBEN."*

Afirmaciones que ser hicieron reiterativas en todos los medios de prensa a nivel nacional, y difundidas varios días, por lo que , en fecha 17 de mayo de 2010 la Ministra de Transparencia Institucional y Lucha Contra la Corrupción mediante nota, le pide aclaración y haga conocer el sustento de sus afirmaciones realizadas en el canal de televisión GIGAVISIÓN, el que responde de manera escrita y dice:  que las declaraciones efectuadas por su persona, recuerdan los actos de *corrupción, narcotráfico y contrabando* que fueron publicados en medios de prensa; no habiendo probado ante esta autoridad sus afirmaciones públicas efectuadas en medios de prensa  nacional respecto a la calidad  personal de cada uno de los Ministros que componen el Gabinete Ministerial del Estado Plurinacional.

**SEGUNDO.-** Al respecto, y con la finalidad de analizar los hechos y  adecuar la conducta de  HUMBERTO ANTONIO ROCA LEIGUE, se tiene  el *ARTÍCULO 162 DEL CÓDIGO PENAL BOLIVIANO DESACATO,* que establece:

> *"El que por cualquier medio <u>calumniare, injuriare o difamare</u> a un funcionario público en el ejercicio de sus funciones o a causa de ellas, será sancionado con privación de libertad de un mes a dos años.*
> *Si los actos anteriores fueren dirigidos contra el Presidente o Vicepresidente de la República, Ministros de Estado o de la Corte Suprema o de un miembro del Congreso, la sanción será agravada en una mitad.*

De acuerdo a este tipo penal, el delito de Desacato en sus tres vertientes constituye en una ofensa dirigida a un Funcionario Público por hechos relativos a sus funciones, es considerada como aquella conducta destinada a menoscabar y lesionar el prestigio de la autoridad, del funcionario público, o del servidor público a través de **calumnias, injurias o difamación** por hechos relativos a sus funciones, que van en contra de su dignidad, honorabilidad o atribuyendo la comisión de delitos.

El sujeto activo es cualquier persona que sin ningún reparo y por cualquier medio procede a calumniar, difamar o injuriar a un funcionario público en ejercicio de sus funciones o a causa de ellas, por lo que el bien jurídico protegido recae en la función pública desempeñada por cualquier funcionario público o servidor público, situación que se configura en la Declaración que fue realizada por **HUMBERTO ANTONIO ROCA LEIGUE** en el Noticiero Central de GIGAVISIÓN y en otros medios de prensa cuando de manera directa y pública y sin tener sustento legal ni prueba alguna, afirma y dice refiriéndose a la conducta de los Ministros de Estado, textual *"QUE PONGA EN LÍNEA A SU GENTE, TIENE QUE PONER EN LÍNEA A SUS MINISTROS, TIENE QUE PONER EN LÍNEA A TODA SU GENTE QUE TIENEN ALLÁ PARA QUE NO ROBEN"* y que cuando se le pide presentar documentos o información por los cuales deba sustentar sus afirmaciones no lo hace.

La acción inicial se identifica a través de esta declaración efectuada en ese medio de prensa, la que configura perfectamente en las tres modalidades del tipo de DESACATO, sin embargo, se ha identificado también acciones posteriores como una entrevista del Noticiero de la RED UNO en el que dijo:

> *"EL ESTADO NECESITA DESTRUIR TOTALMENTE A AEROSUR PARA QUE SU EMPRESA QUE SE LLAMA BOA PUEDA REINAR EN LOS CIELOS BOLIVIANOS Y ADEMÁS HACER TODA LA CORRUPCIÓN QUE EXISTE."*

Si bien estas afirmaciones no han sido referidas en la Denuncia, existen en las grabaciones de medios de prensa obtenidos durante las investigaciones, lo que conlleva su análisis y consideración, ya que las mismas vinculadas a la primera.

De lo anterior se tiene que, **HUMBERTO ANTONIO ROCA LEIGUE** atribuyó de manera directa y pública la comisión del ilícito penal de ROBO Y CORRUPCIÓN a todo el Gabinete de Ministros del estado boliviano sin tener respaldo o prueba que así lo acredite; se tomar en cuenta que cuando se refiere y dice poner en línea a sus "Ministros" se refiere a todo el Gabinete Ministerial, entre ellos los señores Sacha Sergio Llorenty Soliz, Luis Fernando Vincentti Vargas, Luis Alberto Arce Catacora, Elba Viviana Caro Hinojosa, Elizabet Arismendi Chumacero, Rubén Saavedra Soto, Carlos Romero Bonifaz, Nemecia Achacollo Tola, María Esther Udaeta Velásquez, Nilda Heredia Carmen Trujillo Cárdenas, Nilda Copa Condori, José Pimentel, Walter Juvenal Delgadillo Terceros, Zulma Yugar Parraga, David Choquehuanca Céspedes, Oscar Coca Antezana, Antonia Rodríguez Medrano, Nardy Suxo Iturri, Roberto Iván Aguilar Gómez que en ese momento cumplían funciones Ministeriales y tenían la calidad de funcionarios o servidores públicos.

A efectos de acreditar su calidad de sujetos pasivos y directos de la acción ilícita, se tiene que han sido nombrados como MINISTROS DE ESTADO para ejercer este cargo público de acuerdo al Decreto Presidencial Nro. 0407 de fecha 23 de enero de 2010, de esta manera se acredita no solo esa calidad de funcionarios o servidores públicos, sino las funciones de cada uno de ellos, constituyendo por tanto esas afirmaciones falaces, en una ofensa dirigida a los Ministros del Gabinete, sobre hechos relativos a sus funciones, habiendo menoscabado y lesionado el prestigio de los señores Ministros como funcionarios públicos y dañando su dignidad y honorabilidad personal, atribuyéndoles la comisión de los delitos de Robo y delitos vinculados a la corrupción y narcotráfico.

La segunda declaración se refiere al Estado como tal, entendida en su organización constitucional y doctrinal, y en este caso el Estado esta representado por el Órgano Ejecutivo, entre ellos el Presidente de la República, el Vicepresidente y los señores Ministros del Estado Plurinacional, y cuando de manera directa y pública afirma y dice que" *el Estado necesita destruir totalmente a AEROSUR para que su empresa que se llama BOA pueda reinar en los cielos bolivianos, y además HACER TODA LA CORRUPCIÓN QUE YA EXISTE"*, lo que se afirma es, la existencia de corrupción en el Estado conformada no solo por las autoridades nombradas sino por todas las instituciones que componen el estado plurinacional de Bolivia; si hablamos de corrupción existen varias modalidades y ninguna de ellas ha sido efectivamente

acreditada y demostrada por HUMBERTO ANTONIO ROCA LEIGUE, acciones ilegales y dolosas que han estado orientadas a menoscabar la función pública y la calidad de cada uno de los funcionarios públicos del país, adecuando de esta manera con esta nueva acción al tipo penal de DESACATO bajo sus tres modalidades.

TERCERO.- Bajo este concepto, es necesario describir las tres modalidades que establece el Artículo 162 del Código Penal cuando refiere a que comete ésta tipo penal *"El que por cualquier medio calumniare, injuriare o difamare a un funcionario público en el ejercicio de sus funciones."* debiendo para el efecto realizar las siguientes puntualizaciones.

RESPECTO A LA CALUMNIA NOS DEBEMOS REMITIR EL ARTÍCULO 283 DEL CÓDIGO PENAL que dice:

*"EL QUE POR CUALQUIER MEDIO IMPUTARE A OTRO FALSAMENTE LA COMISIÓN DE UN DELITO."*

Entendiéndose en la doctrina como una infundada y maliciosa acusación hecha para dañar, se trata de la falsa imputación de un delito con la pretensión de que el inocente sufra por punible maldad ajena o inexistente delito (CABANELLAS, Guillermo "Diccionario Enciclopédico de Derecho Usual". Tomo II Pág. 25.). Al respecto Carlos Creus, dice al respecto que, "La calumnia es una ofensa contra el Honor, cuya especialidad reside en el carácter de la imputación deshonrante". Es precisamente ese carácter lo que para muchos justifica la mayor punibilidad que contiene el tipo con relación a otros capítulos, puesto que el sujeto pasivo también puede verse afectado por los procedimientos tendientes a investigar el hecho o a la autoría que falsamente se le atribuye y que siempre se da como peligro, aunque el agente no haya formulado la imputación ante la autoridad.

Bajo este razonamiento doctrinal y legal, se puede establecer que la Calumnia se define como el acto de atribuir falsamente a otro la comisión de un delito doloso o una conducta criminal dolosa aunque sea *indeterminada*, este delito requiere la falsedad en la acusación en la afirmación hecha de manera pública, es un delito formal, porque para su consumación no se necesita la producción de ningún acontecimiento extraño a la acción del sujeto traducida en la afirmación pública, ya que se consuma con el solo hecho de la imputación de un delito falso, sin que, siquiera importe el hecho de que haya dañado el honor del calumniado; como en el caso que se investiga HUMBERTO ANTONIO ROCA LEIGUE de manera directa, pública y reiterada ha atribuido a los señores Ministros de Estado una calidad, una condición delictiva, en este caso de estar involucrados en delitos de ROBO, Y CORRUPCIÓN.

En el momento de las afirmaciones hechas públicas y en muchos pagadas por el propio imputado como se ha demostrado, se han consumado los hechos delictivos, afirmaciones que se constituyen en falsas, primero porque no han sido acreditadas por el mismo imputado cuando así se lo ha requerido, y segundo porque, ninguno de los Ministros de Estado tiene sentencia condenatoria vinculados a estos tipos penales, menos antecedentes delictivos, lo que demuestra la falsedad de las afirmaciones de HUMBERTO ANTONIO ROCA LEIGUE, hecho vinculado a la presunción de inocencia protegido en el Art. 6 del Código de Procedimiento Penal y los Art. 13, 21 numeral 2), 22, 116 I. de la CPE, ya que, se presume la inocencia de una persona mientras no se declare su culpabilidad en Sentencia Ejecutoriada.

*LA DIFAMACIÓN* SE DEBE ENTENDER COMO AQUELLA ACCIÓN EN LA QUE UNA PERSONA DE MANERA PÚBLICA, TENDENCIOSA Y REPETIDA, REVELARE O DIVULGARE UN HECHO, UNA CALIDAD O UNA CONDUCTA CAPACES DE AFECTAR LA REPUTACIÓN DE UNA PERSONA INDIVIDUAL O COLECTIVA ASÍ LO ESTABLECE EL ARTÍCULO 282 DEL CÓDIGO PENAL.

Respecto al honor nos remitimos inicialmente al concepto establecido en artículo 17 del Código Civil que refiere "Toda persona tiene derecho a que sea respetado su buen nombre. La protección al honor se efectúa por éste Código y demás leyes pertinentes."



Esta acción tiene que ver con la desacreditación cuando se vierten imputaciones o atribuciones ofensivas de manera pública, tendenciosa y repetida, con la finalidad precisamente de afectar y menoscabar la reputación y el buen nombre del cual goza una persona dentro la sociedad, pues lo tendencioso es precisamente la intención nociva de causar daño.

La Difamación, según afirma Carlos Creus, requiere no sólo la trascendencia a terceros de la ofensa, sino también la conducta se integre con la voluntad de lograr esa trascendencia; pues, dándose esas condiciones, perfectamente la conducta de **HUMBERTO ANTONIO ROCA LEIGUE** se adecua a este tipo penal bajo el desacato, ya que es personalmente, de manera directa y pública quien hace las afirmaciones difamatorias, declaraciones en muchos casos pagadas que han sido recogidas por todos los medios de prensa nacional y han sido repetidas en todo el estado boliviano, estas afirmaciones dañosas y falsas han afectado precisamente la reputación y dignidad de todos y cada uno de los Ministros de Estado, de manera colectiva como miembros del poder ejecutivo y de manera individual, afectando su buen nombre y el reconocimiento personal, profesional y laboral logrado hasta el momento en sus funciones.

Esta conducta típica que afecta los derechos de terceros, esta reconocida y protegida también constitucionalmente, así los artículos 21 numeral 2) de la Constitución Política del Estado, establecen:

Artículo 21 de la CPE.- Las bolivianas y los bolivianos tienen los siguientes derechos:
2) A la privacidad, intimidad, honra, honor, propia imagen y dignidad.

LA TERCERA MODALIDAD ESTA REFERIDA A **LA INJURIA** TIENE QUE VER CON EL HECHO DE QUE POR CUALQUIER MEDIO UNA PERSONA Y DE UN MODO DIRECTO OFENDIERE A OTRO EN SU DIGNIDAD O DECORO ART. 287 DEL CÓDIGO PENAL.

La Injuria es todo hecho contrario a la razón o a la justicia. Agravio u ultraje de palabra de obra, con intención de deshonrar, afrentar, envilecer, desacreditar, hacer odiosa, despreciable o sospechosa a otra persona, mortificarla con sus defectos, ponerla en ridículo o mofarse de ella, (CABANELLAS, Guillermo "Diccionario Enciclopédico de Derecho Usual." Tomo IV Pág. 419). La Injuria para ser típica para que constituya la exteriorización de pensamientos lesivos del honor, debe tener carácter imputativo, o sea, tiene que estar formada por imputaciones que atribuyan calidades, costumbres susceptibles de ser apreciadas como peyorativas para la personalidad del ofendido, pues de acuerdo al tipo penal se refiere al agravio, ultraje de obra o de palabra. Hecho o dicho contra razón y justicia que afecta la dignidad, decencia, la mesura, la vergüenza, la seriedad y el decoro de una persona.

**HUMBERTO ANTONIO ROCA LEIGUE**, en sus afirmaciones pública realizadas en los medios de prensa de manera reiterativa, de un modo directo a ofendido en su dignidad y decoro a los señores Ministro de Estado, al afirmar que *"QUE PONGA EN LÍNEA A SU GENTE, TIENE QUE PONER EN LÍNEA A SUS MINISTROS, TIENE QUE PONER EN LÍNEA A TODA SU GENTE QUE TIENEN ALLÁ PARA QUE NO ROBEN"* y *"EL ESTADO NECESITA DESTRUIR TOTALMENTE A AEROSUR PARA QUE SU EMPRESA QUE SE LLAMA BOA PUEDA REINAR EN LOS CIELOS BOLIVIANOS Y ADEMÁS HACER TODA LA CORRUPCIÓN QUE EXISTE."*

Afirmaciones que son ofensivas, primero porque resultan ser falsas, y segundo porque se atribuyen hechos de manera pública que afectan su calidad de funcionarios públicos del Estado respecto al ejercicio de su cargo o función en particular, desacreditación publica que no solo afecta de menera personal al Ministro, sino a la función pública, y al estado en su conjunto ya que cada uno de ellos forman parte de lo que se denomina el órgano ejecutivo, reconocido como uno de los órganos del Estado compuesto precisamente por el Presidente, el Vicepresidente y los Ministros de Estado. De esta manera estas afirmaciones se adecuan al tipo de INJURIAS bajo la comprensión del Art. 162 del Código Penal que se refiere al Desacato.

a

artículos 14 y 20 Dolo del Código Penal Boliviano y  340, 341, 342, 343 Y 344 De La Normativa Procesal Penal.

## VII.   OFRECIMIENTO DE PRUEBA QUE HACE EL MINISTERIO PÚBLICO.-

**PRUEBA TESTIFICAL.-**

1. Luis Alberto Arce Catacora Ministro de Economía y Finanzas Públicas quien es mayor de edad y hábil por derecho.

2. Walter Delgadillo Terceros Ministro de Obras Públicas Servicios y Vivienda quien es mayor de edad y hábil por derecho.

3. E. Viviana Caro Hinojosa Ministra de Planificación del Desarrollo quien es mayor de edad y hábil por derecho.

4. Sacha Sergio Llorenty Soliz Ministro de Gobierno quien es mayor de edad y hábil por derecho.

5. Oscar Coca Antezana Ministro de la Presidencia quien es mayor de edad y hábil por derecho.

6. Carmen Trujillo Cárdenas  Ministra de Trabajo Empleo y Previsión Social quien es mayor de edad y hábil por derecho.

7. Roberto Iván Aguilar Gómez Ministro de Educación quien es mayor de edad y hábil por derecho.

8. Nardi Elizabeth Suxo Iturri Ministra de Transparencia Institucional y Lucha Contra la Corrupción Memorial quien es mayor de edad y hábil por derecho.

9. María Esther Udaeta Velásquez Ministra de Medio Ambiente y Agua quien es mayor de edad y hábil por derecho.

10. Nila Heredia Miranda Ministra de Salud y Deportes quien es mayor de edad y hábil por derecho.

11. Zulma Yugar Parraga Ministra de Culturas quien es mayor de edad y hábil por derecho.

12. Nemesia Achacollo Tola Ministra de Desarrollo Rural y Tierra quien es mayor de edad y hábil por derecho.

13. Elizabeth Arismendi Chumacero Ministra de Defensa Legal del Estado quien es mayor de edad y hábil por derecho.

14. Rubén Aldo Saavedra Soto Ministro de Defensa quien es mayor de edad y hábil por derecho.

15. Carlos Romero Bonifaz Ministro de Autonomía quien es mayor de edad y hábil por derecho.

16. David Choquehuanca Céspedes Ministro de Relaciones Exteriores quien es mayor de edad y hábil por derecho.

17. Luis Fernando VINCENTI Vargas Ministro de Hidrocarburos y Energía quien es mayor de edad y hábil por derecho.

18. Antonia Rodríguez Medrano Ministra de Desarrollo Productivo y Economía Plural quien es mayor de edad y hábil por derecho.

**OTROSI PRIMERO.-** De acuerdo a lo previsto por el Art. 98 última parte de la Norma Adjetiva Penal, presento las Resolución de Imputación Formal, Acta de Declaración Informativa prestada por el ACUSADO.

**OTROSI SEGUNDO.-** A efectos de la notificación con la presente acusación se tiene a bien manifestar en relación a la Situación Jurídica del acusado, **el mismo se encuentra DECLARADO REBELDE; por lo que, a efectos de no generar indefensión PIDO A USTED RADICAR LA CAUSA Y PROCEDER A LA NOTIFICACIÓN CON LA ACUSACIÓN Y DEMÁS ACTUADOS MEDIANTE EDICTOS DE LEY. Sea con las formalidades de ley.**

**OTROSI TERCERO.-** En aplicación de la Ley procesal penal, solicito autorización expresa para la utilización de medios técnicos audiovisuales en toda la etapa del juicio oral, conforme disponen las previsiones legales contenidas en 355 y 356 del Código de Procedimiento Penal.

**OTROSI QUINTO.-** Se señala domicilio del Fiscal en el Edificio de la Fiscalía de Distrito de La Paz, calle Potosí No. 944, piso 3ro., Of. 305.

La Paz, 28 de marzo de 2011

EDWARD OMAR MOLLINEDO PINEDO
FISCAL ANTICORRUPCION
MINISTERIO PUBLICO DEL ESTADO

CUARTO DE INSTRUCCION
EN LO PENAL - CAUTELAR
Presentado en fecha. Lunes, 28
Marzo del año
2011 horas 9:45 a.m.
28 Literales - Fotocopias
Yosenfo