# Exhibit C

**FIRST PREVENTIVE CRIMINAL JUDGE OF THE CITY OF LA PAZ.**

**PRESENTS RESOLUTION OF FORMAL CHARGE**
**ADDENDUM.-**
**EDWARD OMAR MOLLINEDO PINEDO, ANTICORRUPTION PROSECUTOR OF THE OFFICE OF THE DISTRICT ATTORNEY OF LA PAZ,** on behalf of the People, presents:

**RESOLUTION OF FORMAL CHARGE No 018/2010**
**IANUS          :     201035573**
**LEGAL CASE No.   :     5413/2010**

I.   INFORMATION OF THE CLAIMANT

1) **NARDI ELIZABETH SUXO ITURRI, MINISTER OF INSTITUTIONAL TRANSPARANCY AND FIGHT AGAINST CURRUPTION IN VIRTUE OF PRESIDENTIAL DECREE No. 0407 of January 23, 2010.**
   **LEGAL DOMICILE:** Domicile of the office of the Deputy Minister of    Fight    against Corruption, located in the city of La Paz on Calle (Street) Capitan Ravelo, Edificio (Bldg.) Capitan Ravelo No. 2101, 8th Floor

II.  INFORMATION OF THE DEFENDANT

2) **HUMBERTO ANTONIO ROCA LEIGUE,** of legal age, competent by law, bearer of I.D. No. 1504708 LP, entrepreneur by profession, born on October 27, 1958 in Santa Cruz de la Sierra Province Andres Ibanez
   **PERSONAL DOMICILE:**  Calle Chichapi No. 100 or 2075 between 2nd and 3rd Circle, Fleig Neighborhood, city of Santa Cruz de la Sierra
   **DEFENSE ATTORNEY:** JORGE JOSE VALDA DAZA
   **LEGAL DOMICILE:** Edificio (Bldg.) Park INN, 8th Floor offices 82-83 located on Calle (Street) Federico Sauzo No. 159 of the city of La Paz

III. STATEMENT OF THE FACTS

According to the complaint filed by Nardi Elizabeth Suxo Iturry, Minister of Institutional Transparency and Fight Against Corruption, who in compliance to the powers conferred to her under article 28 of the DS No. 29894 of February 27, 2009, became aware that Humberto Antonio Roca Leigue, President of Compania Boliviana de Transporte Aereo Privado S.A. had the ownership of 60 luxury vehicles in addition to other properties that allegedly would have disproportionately increased his wealth regarding the income he could have received as president of an airline, so an investigation was requested into the crime of Illicit Enrichment of Individuals with Appropriation to the State established in Article 28 of Law 004 of Fight Against Corruption, Illicit Enrichment and Investigation of Fortunes "Marcelo Quiroga Santa Cruz."

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



On November 12, 2010 GABRIELA BEIZAGA VELLIDO, Deputy Minister of fight against corruption, expanded the claim, based on the following: that from the moment that he started to work until now Humberto Roca Leigue not only owns many vehicles registered in his name, but also a great deal of money according to his own statements which were made in public that until this day it has not been justified; and it calls to attention that his son, HUMBERTO ROCA SANJINEZ, 20 years of age, has 44 vehicles registered in his name, and at that age it would be impossible to own property of that nature considering that he does not have a profession that would have allowed him to have that amount of assets; and against Jorge Eduardo Ortiz Banzer, the son-in-law of HUMBERTO ROCA LEIGUE, who has registered under his name around 390 properties, which there is no justification for them either.

The investigations have been initiated under the legal framework of Art. 28 of Law 004 of the Law Marcelo Quiroga Santa Cruz, which objective is to investigate and prosecute acts of corruption carried out; like in this case by private individuals who would compromise or appropriate the resources of the state; so, this investigation not only is restrictive to the tenure of the 60 vehicles of HUMBERTO ROCA LEIGUE, but in general that the facts being investigated have to do with the enrichment, capital gains, assets and that these have been increased by HUMBERTO ROCA LEIGUE affecting the state in its diverse structures and expressions, it is under this concept and these facts in general that the notice to begin the investigation for the crimes of ILLICIT ENRICHMENT OF INDIVIDUALS WITH APPROPIATION TO THE STATE ART. 28 OF LAW 004, AND FAVORING FROM THE ILLICIT ENRICHMENT ART. 29 OF LAW 004; so the case in under judicial review according to procedure.

IV.   SUBSTANTIATIVE PROBATION

1. Claim presented by Nardi Elizabeth Suxo Iturry on June 2, 2010 to which she attaches a CD showing images of the vehicles in the garage.
2. Official Letter of July 6, 2010 informing the shareholders of AEROSUR are Sergio Sanzetenea Dimoff, Hubair Corp, Walter Ardaya Melgar, Humberto Antonio Roca Leigue, AMCA SRL, SAE SRL, Silvia Godefroy de Cordova, Fabiola Cordova Godefloy, Jorge Cordova Godefloy, William Block; *the Legal Representative is Humberto Antonio Roca Leigue;* Regular Directors Humberto Antonio Roca Leigue, Sergio Sanzetenea Dimoff, Walter Ardaya Melgar, Oscar Fernando Alcocer Vargas, Carlos Meyer Bustamente, Abadallah Edmond Daher Bulus; *Alternate Directors Adrian Justiniano Suarez, Jorge Eduardo Ortiz Banzer, Marcelo Arturo Alcocer Carrasco;* the list of the Board of Directors designated at the Shareholders Meeting on July 3, 2010 consists of Humberto Antonio Roca Leigue, President; Sergio Sanzetenea Dimoff, Vice President; Walter Ardaya Melgar, Secretary; Oscar Fernando Alcocer Vargas, Member; Carlos Meyer Bustamante, Member and Abdalleh Edmond Daher Bulus, Member.
3. Official Letter of July 8, 2010 sent from GIGAVISION in response to the Summons of July 6, 2010 which it is attached the interview with Humberto Antonio Roca Leigue on July 6, 2010.
4. Official Letter AEMP/DESP/DTRFCE/No. 1246/2010 of November 5, 2010 signed by OSCAR CAMARA- EXECUTIVE DIRECTOR – AUTHORITY OF INSPECTION AND CORPORATE CONTROL OF COMPANIES, who forwarded the executed Administrative Resolution having fined AEREOSUR S.A. Company Boliviana de Transporte Aereo Privado S.A. whose legal representation falls on Humberto Antonio Roca Leigue for infringement of the commercial rule set forth in article 25 – 4) – 5) – 6). 36, 37, 40, 44, 46, 47, 50, 51, 52 and 331 (this last one for late submission) of the Commercial Code, and not fulfilling the Administrative Resolutions AEMP 026/2009 of August 28, 2009 and EAMP 027/2009 of August 31, 2009 with 85,000.00 Bs (One hundred eighty-five thousand 01/100 Bolivians – Bolivian Currency).
5. Cite: SIN/PE/GG/GNTJCC/NOT/721/2010 of July 10, 2010 Ref. Forwards requested information Case 5413/2010; by which it informs that *"according to what is stated on the third*



*point and according to the attached comparative table of the Legal Technical Unit there are the following Tax Debt in Execution for an amount of UFV's 84,110,989 equivalent to 129,510,740 Bs, Unenforceable Tax Debts for an amount of UFV's 123,764,603 equivalent to 190,567,762Bs."*

6. Official Letter ADSC 805/10 of June 2, 2010 REF. Complies with Legal Requirement in which is noted that the first point *"We have official letter COT 171/2010 of June 15, 2010 issued by the quotes department and attached is a settlement of payments accrued, interest and fines to be paid."* Having a delinquent balance on June 15, 2010 of 32,377,415.65 Bs. An amount of 32,761,355.05 Bs. and payment on account of 383,939.40 Bs.
7. Report of the Transit Operating Agency of the city of Santa Cruz where it becomes known that Humberto Antonio Roca Sanjinez has 46 vehicles in his name.
8. Official Letter of July 23, 2010 forwarded from AEROSUR SA where it is attached the personal files of a few individuals, among them Humberto Antonio Roca Sanjinez with I.D. 5399343 SC, Temporary Work Agreement in Santa Cruz on May 2006 with a salary of 2,000 Bs to carry out the duties of General Manager of the Garage, Ratification Form / Grading having the position of Branch Manager with a salary of 2330 Bs dated 05/01/2009 and Ratification Form / Grading having the position of Branch Manager with a salary of 2447 Bs dated 01/01/2010.
9. According to Certification CERT-EST-JOSC-0006/2010 of FUNDEMPRESA reviewed the Commercial Portfolio is evident that there is no record of a Public Instrument, document or contract that accredits the composition of the Fleet of Aircrafts of Compania Boliviana de Transporte Aereo Privado S.A. AEROSUR S.A.
10. Letter of September 14, 2010, where there is attached Testimony No. 0763/2008 of September 4, 2010, establishing that the company PIPESTONE INVESTMENT INC, subleases aircrafts to AEROSUR SA also establishing that HUMBERTO ROCA LEIGUE is the owner of the company that subleases the aircrafts.
11. Regular stockholders meeting of AEROSUR SA on November 17, 2007 and testimony No. 1400/2010 attached by AEROSUR SA through note of October 19, 2010, establishing the present situation of the company directed by HUMBERTO ROCA LEIGUE.
12. Letter SIN/PE/GG/GNF/DNIF/NOT/1053/2010 signed by ROBERTO UGARTE, EXECUTIVE PRESIDENT OF THE NATIONAL TAX SERVICE, where it is established that in accordance to DS 24051 and Law 843 the taxes to utilities are regulated, and that by the leasing of aircrafts he constitutes himself as withholding agent over the amount paid to beneficiaries abroad by concept of the leasing of aircrafts and the representation of affidavit FORM 530 (IUE-beneficiaries abroad) and FORM 3050 (payments to beneficiaries abroad, establishing that the taxpayer did not comply with his tax obligations that he was committed to).
13. Note LP-AUD-3056/2010 of November 24, 2010, by which they forwarded audit report of AEROSUR SA 2006, 2007 and 2008 for BDO. BERTHIN AMERGUAL & ASOCIADOS.
14. Note from the DEPT OF VEHICLE. OFFICIAL LETTER 171/2010 of July 22, 2010, issued by the Autonomous Municipal Government of Santa Cruz de la Sierra, which shows the property of the registered vehicles in the name of relatives of HUMBERTO ROCA LEIGUE.
15. Report of August 5, 2010 prepared by the Office of Real Estate Rights of Santa Cruz, establishes that JORGE EDUARDO ORTIZ BANZER, has 524 real estate properties registered in his name; properties that according to the records, belong to HUMBERTO ROCA LEIGUE.
16. ADSC 805/2010 OF JULY 2, 2010 signed by the Department Administrator of the Petroleum Health Fund, so it is established that the company AEROSUR SA owes the Petroleum Health Fund the sum of 3,052,980.99 MILLIONS OF BOLIVIANS corresponding to contributions in arrears of negotiations 2008 and 2009; and an agreement proposed by AEROSUR which is not signed by that entity.

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



17. Sin/PE/GG/GNTJCC/DNEOCC/NOT/721/2010 of July 19, 2010, signed by the Executive President of SIN, establishing that AEROSUR SA has 32 Tax execution processes and 23 processes with an exemption resource in force until May 20, 2010.
18. Legalized photocopies of the executive process presented by JOSE HUMBERTO ZAMORA SAAVEDRA against the company AEROSUR SA represented by HUMBERTO ROCO LEIGUE, where it stipulates the payment of $1,508,044.42 US$ and the Ninth Judge of the civil district by writ of January 27, 2006 indicating the company of a payment within the third day of its notification.
19. CGE/SG/255/2010 of July 13, 2010 issued by the STATE GENERAL COMPTROLLER, it is established the pending debts of AEROSUR SA to entities of the state, and the number of pending registered proceedings in that entity.
20. Note of October 23, 2010, signed by JUAN CARLOS ANTELO JUSTINIANO.-GENERAL MANAGER CONSTRUCTORA EM2 SRL, where it acknowledges that JORGE ORTIZ BANZER has a contractual relationship with the company EM2 SRL for the administration service of the construction of the TORRES URBARI, of the contract of January 20, 2010, and of the private sale documents, it is evident that the real estate is registered in the name of JORGE ORTIZ BANZER, the son-in-law of HUMBERTO ROCA LEIGUE.
21. Brief and documentation presented by ABDALAHH DAHER BULUS, from which it is evident that the companies JIS AIRCRAF AND PIPESTONE have leased aircrafts to the companies AEROSUR SA from 2005 until July 2010, also establishing that the owner of JIS AIRCRAF COMPANY are Peter Jessen Pittesser, Jose Cochamanidis Saucedo and Sergio Antonio Sanzetenea Dimoff, this last one a very close and trusted person of HUMBERTO ROCA LEIGUE; it also shown that the owners of the company PIPE STONE are Abdallah Daher Bulus and Humberto Roca Leigue.
22. Note BMSC/GAL/1153/2010 of October 29, 2010, certification and banking summaries issued by the Manager of Legal Matters of BMSC, by what is established that Jorge Eduardo Ortiz Banzer has a checking account with a balance of 344,231.88 Bs.; and HUGO OLMOS MENACHO has three checking accounts of 54,982.32; Bs. 275,173.30; US $ 78.59 and a savings account with 11,891.15 Bs.
23. Note of July 6, 2010 issued by Humberto Roca Leigue where is noted the names of the shareholders and directors of the company AEROSUR SA; the duties of the Executive Director and the fleet of aircrafts of which the company consists of and all are leased.
24. Note of July 23, 2010 issued by Carlos Meyer Bustamante where it is established that HUMBERTO ROCA SANJINEZ has subscribed contract in May 2006 with the company AEROSUR SA to carry out the duties as General Manager of the Garage WITH A SALARY OF 2,000 BOLIVIANS.
25. DGAC V1-1564 DRAN 297/2010 of July 26, 2010 more documentation issued by (??) Luis Trigo Antelo – CIVIL AERONAUTICAL GENERAL DIVISION, it establishes that AEROSUR SA has an operating certificate since 2002, that it does not have aircrafts of its property registered but under a leasing agreement, and testimonials of leasing of aircrafts.
26. WITNESS STATEMENTS OF: Jorge Eduardo Ortiz Banzer, Carlos Meyer Bustamante, Freddy Rocabado Rodriguez, Daniela Roca Sanjines, Walter Ardaya Melgar, Veronica Roca Sanjinez de Ortiz, Juan Carlos Zurita Vera.
27. Certifications issued by the Migration National Service.
28. Note SIN/PE/GG/GNTJCC/DNEOCC/NOT/1124/2010 of November 23, 2010 executed by National Revenues, establishes the existence of proceedings with Tax enforcement initiatives, Tax Litigation process, and ongoing Monitoring process, according to preliminary information, the company AEROSUR SA has a tax debt to the Bolivian State in the total amount of 550,434,124 MILLION BOLIVIANS.



29. Publication of the newspaper EL DEBER of June 2, 2010, in which HUMBERTO ROCA LEIGUE states that he has 50,000,000.00 MILLION Dollars in wealth, fact that occurred after the investigations were known.
30. SCLREQFISC, 3628/2010 and 3627/2010 of December 6, 2010 issued by BANCO BISA where they certify the bank accounts of EDUARDO ORTIZ BANZER AND DANIELA ROCA SANJINEZ, also their banking withdrawals giving evidence of movement of great sums of money.
31. GNO-ASFFI/1138/2010 of December 6, 2010 issued by BANCO NACIONAL DE BOLIVIA where they certify the bank accounts of EDUARDO ORTIZ BANZER also his banking withdrawals giving evidence of movement of great sums of money.
32. Newspaper clipping of statements issued by HUMBERTO ROCA LEIGUE in an internet newspaper of Paraguay (web page)

IV.   LEGAL BASIS

By the analysis of documentary evidence and testimonies, we reach the conclusion regarding the facts and the participation of Humberto Antonio Roca Leigue in the illicit actions:

**FIRST.-** The first final disposition of Law 004 LAW MARCELO QUIROGA SANTA CRUZ, establishes that the investigative actions and judgment of the crimes of corruption set forth in Art. 25 paragraphs 2 and 3 must be applied in the context of Art. 123 of the C.P.E., **IN THIS CONTEXT OF THIS CONSTITUTIONAL ARTICLE DISPOSSES THE EXPRESS CRIMINAL LAW IN THE MATTER OF CORRUPTION,** thus the offense established in Art. 25 paragraph 3 and individualized in Art. 28 of Law 004, it is fully applicable to this process especially when this deals with a crime of a permanent nature, thus, guaranteeing all the instances of the proper process in a timely manner has come to the attention of the Constitutional Guarantees Judge the obligatory application of these rules since the day of its publication, so there is no violation of any right or constitutional guarantee of Humberto Antonio Roca Leigue, against whom the investigation has been started under the legal perimeters of Arts. 25 No. 3, 28 of Law 004 and 123 of the Political Constitution of the State, thus that its application is within the realm of the due process.

*SECOND.- ART. 28 (ILLICIT ENRICHMENT OF INDIVIDUALS WITH APPROPIATION TO THE STATE) LAW 004 OF FIGHT AGAINST CORRUPTION, ILLICIT ENRICHMENT AND INVESTIGATION OF FORTUNES "MARCELO QUIROGA SANTA CRUZ."*
*"The individual who by private activity would have disproportionately increased his/her wealth with respect to his/her legitimate income affecting the wealth of the State, failing to refute such a situation, will be punished with incarceration of three to eight years, a fine of one hundred to three hundred days and the confiscation of illegally obtained assets."*
*The same crime and sentence shall be incurred by the legal representatives or former representatives of corporations that through private activity may have increased the wealth of the corporation affecting the wealth of the State and can not prove they come from a lawful activity, further the corporation shall restore to the State the assets that have been affected in addition to those obtained as proceeds of the crime and will be sanctioned with a fine of 25% of its wealth.*

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



One of the fundamental objectives of this Law is the investigation and sanction of acts of corruption of individuals and corporations who would compromise or affect the resources of the State, and fundamentally to end with the impunity for acts of corruption whose scope is defined in Art. 5 of Law 004; therefore to define this crime it must be taken into consideration that private operation of economic, financial and business characters or any other activity of an individual, through which it would have disproportionately increased the wealth with respect to his/her reported or legitimate income, and that this increment, disproportionate and excessive use of wealth which affects the interests of the State in its different aspects of expression, not having justified or disproved this situation at the stage of investigation.

The offense contained in Art. 28 of Law 004 is new in our criminal legal context, and of the forensic analysis, the aim and purpose is referred to the fight against corruption that affects the interests of the state, therefore it is a multi offensive that causes imbalance in the National Economy and financial environment in the interests of the Multinational State, deeply affecting the economic order of a country, as it affects various protected legal rights.

As such, to apply this crime to an specific case and fact, it should be bear in mind that its facing an illicit enrichment when there is a positive act or profit estimable increase and a negative one that consist in not being able to refute such situation or did not justify the origin of such enrichment; this offense is clear in stating that adapts its behavior to this offense, any individual, particular and not necessarily need to have any relationship with the state, so it is generic, and it is applied to persons using private activity that has incremented or increased his/her wealth at the expense of the wealth of the State, then the behavior punished is the illicit gain or increase not justified that would directly affect the State.

It must be understood for the purposes of the application of this legislation, that there is an illicit enrichment when the wealth has increased with money, objects, assets or cash, which have a financial character, therefore what this crime tries to suppress are those illicit, abnormal behaviors that pursue the achievement of economic gains, taking advantage of any private activity or business conditions, within that context.

The action of this offense is not precisely not justifying the source of a significant patrimonial enrichment, but *the fact of illicit enrichment and that this enrichment affects the wealth of the Bolivian State,* considering this last one the condition of punity or subject to punity; and when the rule refers [sic] "*...not detracting from achieving such situation*" alludes to the lack of objective and legal accreditation of the source of enrichment or the insufficiency of the evidence from this source, reasoning to the contrary, should be proved in the defense, the illicit origin of the increase and this does not affect the interests of the State; it is then understood that the impact to the state can happen under different forms regulated by the state, either imposed when a person does not declare their tax burden or does not comply with these obligations being bound to them, lack of payment of health obligations, customs duties, or any other arrangement or action that would directly affect the state or its entities.

The active subject can be any PARTICULAR person who by private activity excessively increase their wealth with respect to their legitimate income; it must be also considered that the enrichment may have occurred both in the wealth of the agent as well of a third unknown or close to the agent, who acts as representative of agent to disguise or conceal their enrichment or its origin, which in this case the criminal involvement is a primary and direct participation of the crime under Art. 20 of the Penal Code.

Finally it must be considered that this intentional crime that claims that the perpetrator has knowledge of the existence of the enrichment, that this is illicit and with prejudice to the State, unlawful and subject to



the state that will volitionally requires no justification turning it in illegal and non sufficient, eventually the private legal right is the decency and transparency in the exercise of private activities against the interests of the State.

**THIRD.-** Based on this process of investigation concerning the actions of HUMBERTO ROCA oriented to the crime of illicit enrichment, we have the following:

a. <u>Humberto Roca Leigue</u>, 52 years of age, entrepreneur, Aeronautic Engineer, arrived in Bolivia after studying in Brazil and starts to make a salary of 40 Us. per month, entered / illegible / business of "real estate speculation," is involved in the fraudulent bankruptcy process of banks in our country and is now *Legal Representative*, Regular Director and shareholder of the Compania Boliviana de Transporte Aero Privado S.A. AEROSUR SA with 70,000 shares (held ); **and according to his own public statement to the media HE HAS A CAPITAL OR WEALTH OF 50 MILLION DOLLARS (EL DEBER – JUNE 2, 2010).**

b. His hobby is to collect vehicles, and that the "garage" located on Calle (Street) 24 de Septiembre No. 480 in the central zone of the city of Santa Cruz, where he stores more than 60 luxury vehicles, is a place that embodies all his wishes an desires of the child, the man and the elder; among his millionaire's tastes and to know how he spends his fortune, it was identified that in 2009 he acquired at the 2009 Expocruz, a Nissan GT-R valued at 145,000 US$ to give it to his son HUMBERTO ANTONIO SANJINEZ, who was turning 21, as a birthday gift, who actually also has registered in his name more than 44 vehicles from the alleged collection of his father; he works for one of his father's companies as "general manager of the garage" and makes 2,000 Bs per month, which shows that the assets recorded and registered belong to HUMBERTO ROCA LEIGUE, and not the son, noting this irregularity of registering assets in the names of third parties.

c. HUMBERTO ROCA LEIGUE despite his presently known millionaire wealth, from his own public statements, it has been determined that he comes from a poor family, with a criminal record in 1996 when he worked and was connected to financial entities ; he has been arrested and detained for several months for a criminal prosecution arising from the fraudulent bankruptcy of banks; as it is the case of BANCOSUR EN LIQUIDACION (In Settlement) to which entity AEROSUR SA, being HUMBERTO ROCA LEIGUE its president, owes the sum of 2,361,150.00 MILLION DOLLARS, having presently ordered the auctioning of one of its aircrafts for the non-payment of this obligation pending since 1996.

Among his "entrepreneurial" activities by which he increases his wealth, it is identified that in 1994 he transferred to Miguel Rocabado a plot of land of BANCOSUR SA for the sum of 394,784 $US; irregularities that lead to criminal proceedings initiated against him; in the Bahamas he establishes, with two other people, HUBAIR CORP, presently a shareholder of AEROSUR SA, with a total of 199,366 shares actions and represented on the Board by his son-in-law, Jorge Eduardo Ortiz Banzer; in 1995 he modifies the block of stocks of AEROSUR SA, capitalizing a debt of AEROSUR SA for more than 15 MILLION DOLLARS, and without having the legal backing of the alleged payment of the purchase of the debt, he achieved recognition in the Commercial Register; in 2000 HUMBERTO ROCA LEIGUE, posted in AEROSUR SA as contributions for capitalization in the name of SERGIO SANZETENEA DIMOFF a total of 189,563,334.00 Bs for an alleged subrogation of debts of Aerosur SA with Banco Sur SA, obligations that were not paid; in 2003 he creates the company Servicios y Operadores S&O in the H. Municipal Mayorship of Santa Cruz for the collection of Municipal Taxes on vehicles and real estate. Currently he

*(Signature) illegible/*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



receives income from AEROSUR and supposedly he is dedicated to the real estate business which is not certain and there is doubt about the registration and administration of such assets, he is Legal Representative, Regular Director and shareholder of the Compania Boliviana de Transporte Aero Privado S.A. AEROSUR SA with 70,000 shares of which there is no record of income declared in Bolivia, he does not receive dividends or profits according to statements made by witnesses and financial reports, private activities that are taken into account from 1992 until the present time, geared to the crime of illicit enrichment, because even in his own statements he states that he bought aircrafts from <u>drug traffickers</u> in Mexico, feature that draws attention and must be investigated, linked to this fact of illicit enrichment.

d. On the other hand, <u>the Compania Boliviana de Transporte Aereo Privado S.A. AEROSUR SA</u> which is essentially linked to this investigation, because HUMBERTO ANTONIO ROCA…

[There seems to be a page missing from the Spanish document]

… economic financial affirmed by the chief officer of the company AEROSUR SA.

e. It is evident from the investigation that the companies JIS AIRCRAF AND PIPESTONE and presently others, have leased aircrafts to AEROSUR SA from 2005 to July 2010, also establishing that the owners of JIS AIRCRAF COMPANY are Peter Jessen Pittesser, Jorge Cochamanidis Saucedo and Sergio Antonio Sanzetenea Dimoff, the last shareholder in AEROSUR SA, very connected and trusted person of HUMBERTO ROCA LEIGUE; it has also been established that HUMBERTO ROCA LEIGUE is a shareholder and owner of the company PIPE STONE, and that the leasing of aircrafts in accordance with Art. 4, 34 of the DS 24051 that regulates the IUE, as well as Art. 51 of Law 843, the company AEROSUR SA is a withholding agent on the total amount on the total amount paid or remitted to beneficiaries abroad by concept of leasing of aircrafts, having been determined according to the SIN certification that the taxpayer, in this case AEROSUR SA, does not have recorded the filing of affidavits FORM 530 (IUE BENEFICIARIES ABROAD) and FORM 3050 (PAYMENTS TO BENEFICIARIES ABROAD) stating that he did not met his tax obligations to us specifically concerning the leasing of aircrafts, an amount determined in the report of the National Tax Service (IUE-BE), fact that constitutes the affectation to the State as required by the criminal provisions of Art. 28 of Law 004, even more when the same HUMBERTO ROCA LEIGUE, a shareholder and owner of STONE PIPE, leases aircrafts to AEROSUR SA, he receives the rents, when he cannot pay, his other company delivers as payment assets of his property; he does not declare or pays taxes, and at the end of any operation it is the state that is harmed and affected with this type of financial plays that create large losses and illegal profits for private entrepreneurs.

As regards to any of the assets of the company ran by HUMBERTO ROCA LEIGUE, it has been established the existence of only three properties, two located in the city of Cochabamba registered under Registrations Nos. 3.01.1.02.0020884 and 3.01.1.02.0020882 in the name of ANA MARIA QUIROGA RAMIREZ, officer of AEROSUR SA and representative in the United States of America, previously General Manager in Cochabamba, but it is certain that there should be a private document that transfers ownership rights to AEROSUR SA; the other property registered under the Registration No. 7.01.1.99.0008412 in the name ABDALLAH DAHER BULUS, that through the meeting of shareholders on July 3, 2010 this capital asset has been transferred because of the debts incurred for the leasing of aircrafts

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



    from PIPESTONE, which, together with the above arguments, shows the unstable economic situation of the company ran by HUMBERTO ROCA LEIGUE, and that it owes entities like Banco Sur de Liquidacion, Petroleum Health Fund in tax revenues more than 550 MILLION BOLIVIANS, which results in economic damage thus becomes the affectation that the State has suffered with the entrepreneurial activities of HUMBERTO ROCA LEIGUE, who has enriched himself affecting the interests of the multinational state of Bolivia.

f.  **HUMBERTO ROCA LEIGUE, <u>with a declared wealth of 50 MILLION DOLLARS</u> has only registered in his name at BANCO BISA SA** one saving account of foreign currency opened on January 11, 200 [sic] that as of today <u>shows no movement;</u> it also establishes that both, the **company AEROSUR and HUMBERTO ROCA LEIGUE**, at this time do not have bank accounts in financial entities of the country, savings accounts, checking accounts, fixed deposits etc,; therefore it is established of the reports issued by the Banco Bisa SA, Mutual La Paz, Banco de Credito, Cooperativa de Ahorro y Credito San Pedro, bank Los Andes Pro Credit, Banco Fie, Fondo Fassil, Mutal La Primera, Banco Economico, Cooperativa Jesus Nazareno, etc; what attracts attention and is questioned in what way does he carry out his financial transactions? How does he pays and gets paid? How does he transfers funds? On the contrary, according to the statement of DANIELA ROCA SANJINEZ, daughter of the accused, who works at AEROSUR and has a salary of 17.000 Bolivians states to own one plot of land and two vehicles, and that she has no personal assets with her husband, however she handles large accounts in Banco Ganadero, Banco Bisa SA, Banco Nacional de Bolivia, and Banco de Credito, <u>and claims that the person who deposits those monies in these accounts is her father, and that she personally does not make investments, and that her father (HUMBERTO ROCA) is the one who handles those accounts, and instructs her directly to make withdrawals from the banks to handle business activities,</u> that she does not know for which building or real estate investments those resources are used; JORGE EDUARDO ORTIZ BANZER has been a lawyer for 8 years, works as a lawyer for SERVEPETROL property of his father and has a salary of 1200 Bs, supposedly he is a real estate entrepreneur, he stated, "I have no assets registered in my name that belongs to Mr. Roca," and contrary to his wife, he states that he has 4 vehicles, three properties; however it has been established, according to the certification of DDRR Santa Cruz that he has registered in his name over 524 properties, that he has carried out sales as owner, and that these would belong to his father and HUMBERTO ROCA LEIGUE; from these elements it is clearly demonstrated that HUMBERTO ROCA LEIGUE does not have bank accounts in the country, and that this activity is handled through third parties, also there is no evidence of his alleged real estate business, since there is no clarity as to the probable justification of their origin, showing with these activities the concealment of disproportionate increase of his wealth through third parties, what is unlawful in this case is the malicious concealment of property and assets not to be identified and connected to the non-payment of taxes, which translates to appropriation to the state.

With respect to the vehicles and other property identified, according to the Note of July 22, 2010, issued by the Autonomous Municipal Government of Santa Cruz de la Sierra, it shows that HUMBERTOROCA LEIGUE has only 4 vehicles registered in his name, establishing that he has registered vehicles in the name of third parties, for example: HUMBERTO ANTONIO ROCA SANJINEZ, his son, has 46 registered owned by his father, although he is the son of Humberto Roca Leigue, he works and has a monthly salary of 2000 Bs, these revenues do not generate having so many assets and movable property in his name, as these have been directly acquired by him; SARAH MECEDES SANJINEZ DE ROCA, the wife,



has 5 vehicles registered in her name; JORGE EDUARDO ORTIZ BANZER has 5 vehicles registered in his name; despite his statement in which he claims to have only 4 vehicles, is the son-in-law of Humberto Antonio Roca Leigue and he also has registered 524 real estate properties owned by his father-in-law.

The above has established the existence of sufficient evidence to prove first that, HUMBERTO ROCA LEIGUE, is an individual and has no dependence relationship with the State, it has also shown that he is the *Legal Representative*, Regular Director and shareholder of the Compania Boliviana de Transporte Aereo Privado S.A. AEROSUR SA with 70,000 shares; he is a shareholder owner of PIPE STONE in the Bahamas and by this private activity and only in this last decade he has increased his wealth to 50 MILLION DOLLARS according to his own statements, this increase has been generated through entrepreneurial and private activities that he develops and manages causing serious economic damage to the multinational state of Bolivia reflected in the tax debts that are the result of the private activity of HUMBERTO ROCA LEIGUE, initially identified in 550 million Bolivians, and other debts to other entities that come from and are linked to the activity of the accused, who has accumulated wealth evading tax controls even through their own companies specially created for this activity.

Humberto Antonio Roca Leigue has accumulated assets and wealth with activities in our country and abroad, there are reasonable grounds for believing that these resources are in financial or banking entities outside of Bolivia, invested in companies that are used to launder assets in the names of third parties and, when the investigations were initiated and he is given the opportunity to explain the millionaire increase of this wealth, he refuses to give bank accounts, explain income, explain the source of assets, having failed to rebut or explain the source of millionaire wealth he now holds; which implies that there are all the constituent elements of the crime of **ILLICIT ENRICHMENT OF INDIVIDUALS WITH APPROPIATION TO THE STATE** adapting their behavior to this criminal conduct designed expressly to defraud the Bolivian State, which establishes the presence of intent, since he knew and had knowledge of all these illegal activities, before and after, as not only he created companies, but also registers his assets in the name of third parties to benefit himself financially and hide the source and destination of them, features that generate conviction not only of his direct participation in the crimes, but of his responsibility and knowledge of each of these actions and the consequences of them, because in these actions an animus of concealment on the real origin of goods is generated, which also determines the presence of fraud in the authorship in his conduct in accordance with Art. 14 and 20 of the Penal Code.

So the actions of **HUMBERTO ANTONIO ROCA LEIGUE**, it is understood in the doctrine "the **RELEVANT VOLUNTARY SOCIAL HUMAN BEHAVIOR SHOWN ABROAD**," with its actions aimed at committing the crime described above, therefore his conduct, under the theory of the crime, is a **TYPICAL, UNLAWFUL, GUILTY AND PUNISHABLE** action, connected to Art. 28 of Law 004.

    V.    **OPERATIVE PART**

From the above, in exercise of the powers conferred by law the Public Prosecutor referred to in Article 3, 6, 14, 44, 45, 59 and 61 of the Criminal Procedure Code in its Art. 21, 70, 73, 277, 297, 300, 301, and 302, considering that the **COMPLAINT** is therefore considered a provisional rating as it is subject to the modifications that may arise in the preparatory stage and considering that there are sufficient indications

*(Signature) illegible*
/illegible/OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY



and evidence collected in the investigation review, it is inferred that **HUMBERTO ANTONIO ROCA LEIGUE** with probability the offender of the crime previously described and informed, so having the legal formalities been fulfilled, **the undersigned Prosecutor FORMALLY CHARGES:**

**HUMBERTO ANTONIO ROCA LEIGUE for the crime of ILLICIT ENRICHMENT OF INDIVIDUALS WITH APPROPIATION TO THE STATE - Art. 28 OF LAW 004 MARCELO QUIROGA SANTA CRUZ**

PERSONAL PROTECTIVE MEASURES:

**FIRST.-** From the detailed review of the record, for the purposes of the application of Art. 233, 234 and 235 of Law 1970 as amended by Law 007 of May 18, 2010 in the course of the investigation it was evident the existence of the following risks of litigation:

**Art. 234 FLIGHT RISK:** understanding any circumstance that essentially allows for the accused will not submit to the process seeking to evade justice, founded in paragraphs 2, 3, 4, 6 and 11 of Art. 234 of the CPC described as follows:

**SECOND PARAGRAPH.-** It is evident that **HUMBERTO ANTONIO ROCA LEIGUE** is President and majority shareholder of the airline AEROSUR SA, this fact makes it possible to have airline trips abroad at his disposal, the existence of a valid passport and his constant travels lead to a determination that he has within his reach the ability to leave the country at any time; more if he has a current passport that will facilitate his departure, taking as precedent Note UC-DGM-CITE 1461/10 HR 5505 of July 5, 2010 which reports that Humberto Antonio Roca Leigue from 2001 to 2009 he traveled to Miami USA, Panama, Lima Peru, Havana Cuba, Buenos Aires Argentina, Sao Paulo Brazil, Caracas Venezuela; according to Note UC-DGM-CITE 2571/10 HR 10494 of November 24, 2010 sent by the National Migration Service reports that Humberto Antonio Roca Leigue, from 2007 to date he has traveled frequently to different parts of the world.

**THIRD PARAGRAPH.-** The accused having at his disposal the means (tickets, aircraft and money) to leave the country, it is evident that he has making plans to flee as shown in brief filed on December 1, 2010 which textually states "Due to my state of health in an untimely and as emergency I have the need to go to doctors who are in control of my illness, reason why I am advising to keep in mind that I will make a trip abroad and request to take into consideration  this action would have to the legal purposes as necessary." This brief is signed by HUMBERTO ROCA, but does not say where, when and by what route he will travel, and what care and where he will receive, there are no documents to prove this point, making a potential flight risk and his wish of not be subject to criminal prosecution.

**FOURTH PARAGRAPH.-** Since the beginning of the investigation **HUMBERTO ANTONIO ROCA LEIGUE** has shown evasiveness and non-submission to the Bolivian justice system, first he has publicly disregarded the powers of the Public Prosecutor, he has not been complied with subpoenas issued by law, has ignored the Jurisdiction of the Court and challenging the Public Prosecutor to take him out of his home dead, against the existence of a warrant of apprehension issued against him, domicile where is hiding, collaborated by his workers, family and strangers, fencing himself by people so as not to attend the call of justice. Which demonstrating his negative behavior during this process and the one being followed by public prosecutor for alleged the crime of Contempt, as is clear from the videos and news publications.



**FIFTH PARAGRAPH.-** Humberto Antonio Roca Leigue adopted a passive attitude to the damage caused to the state all the time of his enrichment with respect to fulfill with his obligations to pay taxes due to the Multinational State of Bolivia being of significant relevance to the importance of the compensable damage, as well as Payment Contributions in Arrears to the Petroleum Health Fund, the Payment of Taxes *for having omitted the Affidavits FORM 530 IUE Beneficiaries Abroad and FORM 3050 Payments Beneficiaries Abroad for the leasing of aircrafts*, it is observed that the taxpayer did not fulfill his tax obligations to which payment is required by or remittances abroad, not having made the deductions set out in Article 51 of Law 843 for payments to beneficiaries abroad for the lease of his aircrafts; it has been established that there are many executive processes and taxes, in which he has demonstrated no willingness to compensate the damages and the appropiation caused to the state with his actions, taking into account that in taxes alone he has affected the state in more than 550 MILLION DOLLARS.

**SIXTH PARAGRAPH.-** As shown in the preceding paragraph Humberto Antonio Roca Leigue was charged with the alleged commission of the crime of Contempt in the case following a complaint from the Ministry of Institutional Transparency and Fight Against Corruption for making reckless statements to different new media in a repetitive manner, with the intention of generating a bad image before the people of the Ministers who make up the Cabinet of the Multinational State, the commission of the crime of Contempt is willful and the aim is to cause harm, translated in the desacreditacion of the representatives of the State, which generates a flight risk.

**EIGHTH PARAGRAPH.-** The accused has a history of involvement in criminal activities prior to the Illicit Enrichment as it is the process that he was already charged with the crime of Contempt and other proceedings initiated against him as the one of Banco Sur named Trigo (Wheat) against Urquidi in Superior Court of Justice of La Paz, there is another criminal proceeding initiated by Jorge Cordova.

**ELEVENTH PARAGRAPH.-** Other circumstances which your honor should take into account is that the accused **HUMBERTO ANTONIO ROCA LEIGUE** travels constantly in and out of the country, due to the ease with which he has access to tickets and it is substantiated on the second paragraph described above, besides being a private entrepreneur who has sufficient financial resources to leave the country at any time, by any route, he has facilities to publicly call people, take refuge in them, and challenge the Bolivian justice system, seeking to turn these processes into political ones according to his public statements for the sole purpose of preventing the action of justice and go unpunished.

These described and substantiated elements are objective circumstances that support the view that the accused HUMBERTO ANTONIO ROCA LEIGUE will not subject himself to criminal prosecution and will seek to evade the action of the Bolivian justice.

**RISK OF OBSTRUCTION;**

The obstruction is referred to in this case with regard to Art. Act **235 of Law 1970** and it is understood that all those circumstances showing that the accused with his conduct will hinder the ascertainment of the truth, based on the following points:

[paraph]



**FIRST, SECOND, THIRD AND FOURTH PARAGRAPHS.-** The accused with the economic power he advocates to have the ability to destroy, alter, conceal, suppress and / or falsifying evidence found in his possession regarding his wealth, property, assets and income and in AEROSUR SA with respect to everything that is related to these investigations, Notary Publics, the Transit Operating Agency, the Honorable Municipal Mayorship of Santa Cruz, places where information is recorded concerning the information relating to the wealth he accumulated or also he can influence participants or relatives, witnesses to the effect that would provide false information or behave in a reluctant way to the call of the Prosecution. Humberto Antonio Roca Leigue has the power to contact or influence, directly or indirectly the Court officials, as proven by the agreements he has signed agreements with various public entities; between the objective facts it can be mentioned how he has put many of his assets in the name of third persons, who he might adversely influenced.

**FIFTH PARAGRAPH.-** The accused **HUMBERTO ANTONIO ROCA LEIGUE** from the beginning of this process has hindered the investigation not only of the process of CONTEMPT but also the one initiated for the crime of *ILLICIT ENRICHMENT OF INDIVIDUALS WITH APPROPIATION TO THE STATE*, he has made his workers surround and block the entrance doors to the company AEROSUR SA and at his own home preventing the action of justice, also he is surrounded by many people and private vehicles have cut off traffic near his home where he has taken refuge to avoid the action of justice, aspects have also been shown the day of his Testimony when people from his company and others surrounded the Office of the Public Prosecutor of the District of Santa Cruz to damage and obstruct the work of the Public Prosecutor, these circumstances are accredited and must be taken as Danger of Obstruction according to Art. 235 of Law 1970 which translates to an illegal and illegitimate obstruction.

So having complied with the legal provisions of Arts. 233, 234 and 235 of Law 1970 as amended by Law 007, and since there is a Flight Risk and Obstruction and sufficient indication of the likelihood of authorship and his participation in the offense and the by characteristics of the crime, **THE PUBLIC PROSECUTOR IN REQUESTS THE APPLICATION OF THE PRECAUTIONARY MEASURE OF PREVENTIVE DETENTION OF HUMBERTO ANTONIO ROCA LEIGUE IN THE JAIL OF SAN PEDRO OF THE CITY OF LA PAZ;** having been shown the existence of sufficient evidence to sustain that the accused is likely to be perpetrator of the crime of Illicit Enrichment of Individuals with Affectation to the State and having been proved that the accused will not submit to the process and hinder the establishment of truth.

<u>**FOUNDATION OF FACTUAL PRECAUTIONARY MEASURES:**</u>

**FIRST.-** it should be taken into account that the new criminal procedure system makes a conceptual and precise distinction between personal and factual measures, giving each a different and specific purpose, is so that the REPAIR OF DAMAGE CAUSED BY THE CRIME is guaranteed only with factual precautionary measures. In this sense, this measure tends to prevent the free disposal of the assets of the accused, to restrict the free disposal of his assets in order to fundamentally guarantee and assure the economic responsibilities that they might be declared in a criminal proceeding, and in that respect, these measures can be requested at any stage of the process, to ensure the result of action.

With respect and according Art 252 of the Criminal Procedural Code, this measure AIMS TO INSURE THE REPAIR OF DAMAGE AND PAYMENT OF FINES AND COSTS, so it also has been understood by the SC 1285/2001, and one of the purposes Law 004, the restoration and protection of the wealth of the state, as well as to recover the wealth of the State through competent judicial agencies, so that in application of the Arts. 252 of Law 1970 amended by Law 007, 90 of the Penal Code, it is called for the implementation of the following factual precautionary measures:



1. **FREEZING AND RETENTION OF BANK ACCOUNTS**

**FREEZING AND RETENTION OF BANK ACCOUNTS of HUMBERTO ANTONIO ROCA LEIGUE,** in the entire national banking system, to this end notify the Supervising Authority of the Financial System of Bolivia; especially the saving account in foreign currency in the Banco Bisa SA No. 140148-501-1

**FREEZING AND RETENTION OF BANK ACCOUNTS IN THE NAME OF JORGE EDUARDO ORTIZ BANZER, properties owned by HUMBERTO ANTONIO ROCA LEIGUE,** to that effect notify the Supervising Authority of the Financial System of Bolivia, of the following bank accounts:

- Banco Economico Jorge with CI 3193370 SC Indirect Checking Account No. 1042-246767
- Banco Mercantil Santa Cruz Checking Account No. 4010703028 in national currency
- Banco Mercantil Santa Cruz Savings Account No. 4023463138 in foreign currency
- Banco Mercantil Santa Cruz Savings Account No. 4026453592 in national currency
- Banco Bisa SA Account No. 128023-501-2 Active

**BANK ACCOUNTS IN THE NAME OF DANIELA ROCA SANJINEZ,** according to her statement and testimony they would be managed by HUMBERTO ROCA SANJINEZ, father; through the Supervising Authority of the Financial System to all the banks and financial entities in the country, to that effect notify the Supervising Authority of the Financial System of Bolivia; especially:
Savings Account in foreign currency at Banco Bisa Nos. 1630016-401-6; and 1613016-001-1.
Banco Mercantil Santa Cruz Savings Account No. 4022322693 in foreign currency
Banco Nacional de Bolivia Savings Account in foreign currency No. 290-0928613

2. **LEGAL MORTGAGE OF ALL PROPERTIES SUBJECT TO REGISTRATION : VECHICLES** REGISTERED IN THE NAME OF HUMBERTO ANTONIO ROCA LEIGUE, either through the National Division of the Transit Operating Agency of Bolivia and the Municipal Government of Santa Cruz de la Sierra

    1. 2006 Toyota Hilux Truck with registration 1620-HH1 registered in the name of Humberto Antonio Roca Leigue
    2. 1985 Volkswagen Fusca with registration 1398-RBN registered in the name of Humberto Antonio Roca Leigue
    3. 1999 Mitsubishi Galant with registration 1535-PFL registered in the name of Humberto Antonio Roca Leigue
    4. 1991 Blue KIA Truck with registration 400-ZKB

3. **VEHICLES IN THE NAME OF HUMBERTO ANTONIO ROCA SANJINEZ,** according to the data on these goods assets they would be owned by HUMBERTO ROCA LEIGUE, father; either through the National Division of the Transit Operating Agency of Bolivia and the Municipal Government of Santa Cruz de la Sierra

    1. Black Ferrari with registration 1874-NUE with VIN number 7FFUA13A5F0055899
    2. 2007 green Dodge Charger with registration 1785-CZX
    3. 2005 red Ford Mustang (with SOAT) with registration 1544-EPG
    4. 2009 brown Nissan GT-R with registration 2319 DPX
    5. 1991 red BMW with registration 1744-SDS
    6. 2004 dark gray Mazda RX-8 with registration 1872-SRD
    7. 1996 black Toyota Model 1996 GT with registration 1106-KYS
    8. 1992 black Mitsubishi 3000 GT with registration 1015-DUB



9. 1964 champagne DKW Vemag Model 1001 with registration 1363-IZK
10. 1973 light blue Ford Truck Model F100 with registration 1616-PHI
11. 2007 yellow Toyota jeep FJ Cruiser with registration 1656-AKA
12. 1978 yellow Chevrolet with registration 1744-SGE
13. 1971 green Dodge Coupe with registration 422-PGX
14. 1976 yellow Dodge Charger with registration 470-ZTG
15. 1981 champagne Cadillac with registration 204-PND
16. 1963 dark blue Peugeot 403 with registration 2049-ELC
17. 1997 cream Volkswagen with registration 1046-XAB
18. Military Jeep Willys with registration 1298-TCR
19. 2008 black Works Mini Cooper with registration 2179-EAC
20. 1992 yellow Rover Minicord with registration 1315-FSG
21. 2008 red Audi S-6 with registration 2092-AES
22. 1966 Ford Mustang with registration 512-ZUL
23. 1989 Mitsubishi Delica Minibus with registration 1360-ASN
24. 1993 Hyundai Excel with registration 571-NYX
25. 1994 Toyota Celica with registration 1414-XAL
26. 1997 Dodge RAM with registration 1661-STG
27. 1989 Mercedes Benz Jeep with registration 371-PTD
28. 1975 Honda Civic with registration 079-KXT
29. 1979 Rolls Royce Silver Shadow II with registration 1616 PGF
30. 1998 Nissan Prairie with registration 1618-EGN
31. 2003 Chevrolet Astro Van with registration 1594-YBR
32. Chevrolet with registration 892-ABI
33. Hyundai Elantra with registration 1289-YCS
34. 1990 BMW 520 with registration 440-NHE
35. 2003 Aston Martin V-12 with registration 2050-RFY
36. 1992 Toyota Marck II with registration 1329-UZP
37. 1971 Rolls Royce with registration 2092-KFH
38. 1998 Toyota IPSUM with registration 2207-DPB
39. 1998 Toyota IPSUM with registration 2207-DRE
40. 1998 Toyota IPSUM with registration 2207-DLS
41. 1999 Ford Windstar with registration 1905-XUS
42. 1998 Minibus Iveco with registration 926-TBL
43. 2005 Nissan Sentra with registration 1409-AAA
44. 2000 Ford Truck F-4000 with registration 1206-DXI
45. 1998 Ford Windstar with registration 1567-ZGE
46. 2005 Honda Civic with registration 1574-NEU

4. **VEHICLES REGISTERED IN THE NAME OF JORGE EDUARDO ORTIZ BANZER,** property of HUMBERTO ROCA registered in the name of a third party that in this case is his son-in-law; either through the National Division of the Transit Operating Agency of Bolivia and the Municipal Government of Santa Cruz de la Sierra

   1. 2000 Hyundai Sonata with registration 1381-LXX
   2. 2005 Mudan Minibus MD6601 with registration 1780-RKB
   3. 2008 Nissan X-Trail with registration 2092-XZA
   4. 2002 Mitsubishi Lancer with registration 1685-YXF
   5. 2009 Jeep Grand Cherokee with registration 2330-BRC



**3. COMPANIES REGISTERED IN THE NAME OF HUMBERTO ANTONIO ROCA LEIGUE:**
so that through **FUNDEMPRESA**, to proceed to the cautionary notation and legal mortgage of all corresponding rights and actions.

1. Compania Boliviana de Transporte Aero Privado S.S. AEROSUR S.A. with Business License 13101 and Legal Representative
2. TEXAL Ltda. Silent Partner and Legal Representative with License SIREP 42890
3. GLOBALNET SRL Silent Partner with License 107902
4. Promotora de Inversiones de Mercado y Afines PROIMA SRL with License 123310
5. Empresa Boliviana de Fertilizantes SRL BOLFER SRL as Silent Partner with License 42379 Empresa Constructora Puntal SRL with License 42730

**REAL ESTATE:** REAL ESTATE PROPERTIES LISTED IN THE NAME OF JORGE EDUARDO ORTIZ BANZER described in detail in the Real Estate Property Report of August 5, 2010 that amount to 524; WHICH IT IS ATTACHED; to that effect notify the Real Estate Office of the District of Santa Cruz

Based on the basis and the items of evidence described in detail, the Public Prosecutor in his capacity as Representative of the People, *and reserving the powers conferred on the 252 as amended by Law 007, and 253 Bis of Law 004:*

**REQUESTS** the application of Factual Precautionary Measures detailed and supported under Art. 252 of the Criminal Procedure Code, as amended by Law 007 and Art. 90 of the Penal Code and with all the formalities of the law.

In both and in order to consider both the Factual Precautionary Measures as well as Precautionary Measures of a personal nature, your honor will set the day and time of hearing, with all the formalities of the law.

**FIRST AMENDMENT.- NOTIFICATION BY WARRANT-** For purposes of the judicial review I request for your honor to order the personal notification of the accused with the present Resolution of Formal Charges with the information of the hearing, either by warrant in accordance with Art. 137 of Law 1970, since Humberto Roca Leigue has his permanent domicile in Calle (Street) Chichapi No. 100 or 2075 between 2nd and 3rd Circle Fleig Neighborhood, in the city of Santa Cruz de la Sierra, complying with all the formalities of the law and in the minimum period that does not generate a delay of justice.
**SECOND AMENDMENT.-** I am attaching a photocopy of the testimony given by the accused and a sketch of his domicile.
**THIRD AMENDMENT.-** The domicile of the Prosecutor in the Building of the Office of the District Attorney of La Paz, Calle (Street) Potosi No. 944, 3rd floor, Office 305.

La Paz – December 6, 2010
*(Signature) /illegible/*
EDWARD OMAR MOLLINEDO PINEDO
ANTICORRUPTION PROSECUTOR
OFFICE OF THE STATE ATTORNEY

1ST CRIMINAL COURT
Presented In – Out Hrs  *17:50*
On the  *6th*  day of the month of  *December*
Year  *2010*   Attached Fs  *(5 fs)*
/illegible/



# TRANSLATOR'S CERTIFICATION

***I attest:*** That I read and write Spanish and English that I am a qualified translator and that the preceding sixteen [16] pages, translated by me and initialed by me, constitute an accurate, complete and truthful English translation from a copy of the Spanish document to the best of my ability and knowledge.

Document (s):  **First Preventive Criminal Judge of the** City of La Paz
**Presents Resolution of Formal Charge--ADDENDUM**
**No. 018/2010**
**IANUS: 201035573**
**Legal Case No.: 5413/2010**

Related to:  ***HUMBERTO ROCA LEIGUE***

_____
*Jorge A. Acosta*, qualified translator

Jorge A. Acosta
Qualified Translator

SEÑOR JUEZ PRIMERO DE INSTRUCCIÓN EN LO PENAL CAUTELAR DE LA CIUDAD DE LA PAZ.

PRESENTA RESOLUCIÓN DE IMPUTACIÓN FORMAL.
OTROSIES.-

**EDWARD OMAR MOLLINEDO PINEDO, FISCAL ANTICORRUPCIÓN DE LA FISCALIA DE DISTRITO DE LA PAZ**, en representación de la Sociedad, presenta:

**RESOLUCIÓN DE IMPUTACIÓN FORMAL No 018/2010.**
IANUS          : 201035573.
No. DE CASO FIS : 5413/2010.

I.  **DATOS DE LA DENUNCIANTE:**

1) **NARDI ELIZABETH SUXO ITURRI** MINISTRA DE TRANSPARENCIA INSTITUCIONAL Y LUCHA CONTRA LA CORRUPCIÓN EN VIRTUD AL DECRETO PRESIDENCIAL No. 0407 de fecha 23 de enero de 2010.
**DOMICILIO PROCESAL:** Domicilio de la oficina del Viceministerio de Lucha contra la Corrupción, ubicado en la ciudad de La Paz en la Calle Capitán Ravelo, Edificio Capitán Ravelo No. 2101 Piso 8.

II. **DATOS DEL IMPUTADO:**

**HUMBERTO ANTONIO ROCA LEIGUE**, mayor de edad, hábil por derecho, con CI No. 1504708 LP, de Profesión Empleado, nacido en fecha 27 de octubre de 1958 en Santa Cruz de la Sierra Provincia Andrés Ibáñez.
**DOMICILIO REAL:** Calle Chichapi No. 100 o 2075 entre 2do. y 3er. Anillo Barrio Fleig, ciudad de Santa Cruz de la Sierra
**ABOGADO DEFENSOR:** JORGE JOSE VALDA DAZA.
**DOMICILIO PROCESAL:** Edificio Park INN, Piso 8 oficinas 82-83 ubicado en la Calle Federico Suazo No. 159 de la ciudad de La Paz.

III. **RELACIÓN DE HECHOS:**

De acuerdo a la Denuncia presentada por la Dra. Nardi Elizabeth Suxo Iturry Ministra de Transparencia Institucional y Lucha Contra la Corrupción, que en cumplimiento a las atribuciones que le confiere el artículo 28 del DS No. 29894 de fecha 07 de febrero de 2009, tomó conocimiento que el Ing. Humberto Antonio Roca Leigue, Presidente de la Compañía Boliviana de Transporte Aéreo Privado S.A. contaría con un patrimonio de 60 vehículos de marcas lujosas además de otros bienes que presuntamente habrían incrementado de forma desproporcionada su patrimonio respecto a los ingresos que podría obtener como Presidente de una Línea Aérea, por lo que solicitó que se investigue el delito de Enriquecimiento Ilícito de Particulares con Afectación al Estado tipificado en el artículo 28 de la Ley 004 de Lucha Contra la Corrupción Enriquecimiento Ilícito e Investigación de Fortunas "Marcelo Quiroga Santa Cruz."

En fecha 12 de noviembre de 2010, la Dra. GABRIELA BEIZAGA VELLIDO- Vice Ministra de lucha contra la corrupción amplio la denuncia, bajo lo siguiente: que Humberto Roca Leigue desde el momento en que empieza a trabajar hasta la fecha no solo posee varios vehículos registrados a su nombre, sino una gran cantidad de dinero de acuerdo a sus propias declaraciones hechas públicas que hasta la fecha no han sido justificadas; y que llama la atención que su hijo HUMBERTO ROCA SANJINEZ de 20 años de edad, cuente con 44 vehículos registrados a su nombre, y que a esa edad sería imposible contar con un patrimonio de esta naturaleza considerando que no tienen profesión que le hubiera permitido tener esas cantidad de bienes, y en contra de Jorge Eduardo Ortiz Banzer, yerno de HUMBERTO ROCA LEIGUE, tenga registrado a su nombre al rededor de 390 inmuebles los que tampoco cuentan con justificación.

Se han iniciado las investigaciones bajo el marco legal del Art. 28 de la Ley 004 de la ley Marcelo Quiroga santa Cruz, cuyo objetivo es investigar y procesar actos de corrupción cometidos, como en este caso por personas particulares que comprometan o afecten los recursos del estado, por lo que, la presente investigación no solo se circunscribe a la tenencia de los 60 vehículos del señor HUMBERTO ROCA LEIGUE, sino de manera general los hechos que se investigan tienen que ver con el enriquecimiento, ganancia de capitales, activos y que estos hayan sido incrementados por el señor HUMBERTO ROCA LEIGUE afectando al estado en sus diversas modalidades y expresiones, es bajo este concepto y estos hechos en general que se ha dado aviso de inicio de las investigaciones por los delitos de ENRIQUECIMIENTO ILÍCITO DE PARTICULARES CON AFECTACIÓN AL ESTADO ART. 28 DE LA LEY 004, Y FAVORECIMIENTO AL ENRIQUECIMIENTO ILÍCITO ART. 29 DE LA LEY 004; por lo que el caso se encuentra bajo control jurisdiccional conforme a procedimiento.

### IV. FUNDAMENTACIÓN PROBATORIA

1. Denuncia presentada por la Dra. Nardi Elizabeth Suxo Iturry en fecha 02 de junio de 2010 por la que adjunta un CD en que existen imágenes de los vehículos existentes en el garaje.
2. Oficio de 06 de julio de 2010 por el que se informa que los socios de AEROSUR son Sergio Sanzetenea Dimoff, Hubair Corp, Walter Ardaya Melgar, Humberto Antonio roca Leigue, AMCA SRL, SAE SRL, Silvia Godefroy de Córdova, Fabiola Córdova Godefloy, Jorge córdova Godefloy, William Block; el Representante Legal es Humberto Antonio Roca Leigue; Directores Titulares Humberto Antonio Roca Leigue, Sergio Sanzetenea Dimoff, Walter Ardaya Melgar, Oscar Fernando Alcocer Vargas, Carlos Meyer Bustamante, Abadallah Edmond Daher Bulus; Directores Suplentes Adrián Justiniano Suárez, Jorge Eduardo Ortiz Banzer, Marcelo Arturo Alcocer Carrasco; la nómina del Directorio designado en la Junta de Accionistas de fecha 03 de julio de 2010 esta compuesta por Humberto Antonio Roca Leigue Presidente, Sergio Sanzetenea Dimoff Vicepresidente, Walter Ardaya Melgar Secretario, Oscar Fernando Alcocer Vargas Vocal, Carlos Meyer Bustamante Vocal y Abdallah Edmond Daher Bulus Vocal.
3. Oficio de 08 de julio de 2010 remitido de GIGAVISION en respuesta a Requerimiento Fiscal de fecha 06 de julio de 2010 por el que adjuntan la entrevista realizada a Humberto Antonio Roca Leigue en fecha 06 de julio de 2010.
4. Oficio AEMP/DESP/DTRFCE/No. 1246/2010 de fecha 05 de noviembre de 2010, firmado por OSCAR CAMARA-DIRECTOR EJECUTIVO AUTORIDAD DE FISCALIZACION Y CONTROL SOCIAL DE EMPRESAS, por el que remitió la Resolución Administrativa AEMP/DTRFCE No. 112/2010 que de acuerdo al Oficio antes mencionado se encuentra ejecutoriada habiendo multado a AEREOSUR S.A. Compañía Boliviana de Transporte Aéreo Privado S.A. cuya representación legal recae en Humberto Antonio Roca Leigue, por infringir la norma comercial contenida en los artículo 25- 4)- 5) -6). 36, 37, 40, 44, 46, 47, 50, 51, 52 y 331 (éste último por presentación extemporánea) del Código de Comercio, e incumplir las Resoluciones Administrativas AEMP 026/2009 de 28 de agosto de 2009 y AEMP 027/2009 de 31 de agosto de 2009 con Bs. 185.000,00 (ciento Ochenta y Cinco Mil 00/100 Bolivianos).
5. Cite: SIN/PE/GG/GNTJCC/NOT/721/2010 de fecha 10 de julio de 2010 Ref. Remite información solicitada Caso 5413/2010, por el que informa que " conforme lo señalado en el punto tercero y de acuerdo al cuadro comparativo adjuntado de la Unidad Técnica Jurídica existe los siguiente Adeudo Tributario en Ejecución pon un importe en UFV's 84.110.989 equivalente a Bs. 129.510.740, Deudas Tributarias no Ejecutoriadas por un importe de UFV's 123.764.603 equivalente a Bs. 190.567.762."
6. Oficio ADSC 805/10 de fecha 02 de junio de 2010 REF. Cumple Requerimiento Fiscal en el que se informa en el primer punto "Se tiene el oficio COT 171/2010 de fecha 15 de junio de 2010 emitido por el Departamento de cotizaciones y adjunta una liquidación de aportes devengados. Intereses y multas a pagar." Teniendo un saldo en mora al 15 de